**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | CHAPTER 7 |
|  | Case No.. 17-44665-ess |
| Van Doug Walker, | Adv. Pro. No. |
| Debtor. |  |
| Van Doug Walker, |  |
| Plaintiff |  |
| V. |  |
| Selene Finance LP, as Attorney in Fact for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Premium Mortgage Acquisition Trust, |  |
| Defendants |  |

## COMPLAINT FOR THE EXTENSION OF THE AUTOMATIC STAY TO DEBTOR , OR IN THE ALTERNATIVE, FOR INJUNCTIVE RELIEF

Plaintiffs-Debtor Van Doug Walker ("Plaintiff" or "Debtor"), Self-Represented, for his complaint against the Defendants, alleges and states as follows:

### NATURE OF THE ACTION

1.     The Debtor filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code on September 8, 2017. An order converting the case to a case under Chapter 7 was entered on December 14, 2018.

2.     The terms and conditions of the Note and Mortgage at issue here were later amended pursuant to the Loan Modification Agreement ("Agreement") made August 29, 2019.

3.    The Debtor commences this adversary proceeding to extend the automatic stay and prevent Defendants from enforcing its purported security interest in the collateral resulting from Debtor's default of the Loan Modification Agreement or be provided with adequate protection to prevent Debtor from suffering irreparable injury, loss, and damage.

4.    The stay sought herein would cover any litigation or arbitration arising out of actions taken by the Defendants to enforce a lien and foreclose in New York State Supreme Court on the property located at 545 Halsey Street, Brooklyn, N.Y. 11233, the Debtor's primary residence. As alleged further herein, the Defendants have no standing to pursue such an action in light of the fact that  at the time Defendants entered into the Loan Modification Agreement with the Debtor on August 29, 2019, they had never acquired physical possession of Debtor's original 2007 Promissory Note or legitimate title to Debtor's 2007 Mortgage. As a result, Defendants would be unable to produce the original Promissory Note and related endorsements required by New York Civil  Practice Laws and Rules Section 4539.

5.    Accordingly the Debtor seeks an order pursuant to section 105(a) of the Bankruptcy Code extending the automatic stay, declaratory relief pursuant to section 362(a)(4) of the Bankruptcy Code, and/or granting an injunction prohibiting Defendants from filing any Actions while this case remain pending.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §1409.

## PARTIES

7.    Plaintiff Van Doug Walker is the Debtor in the above captioned case.

8.     Defendant Selene Finance LP is the Attorney In Fact for Wilmington Savings Fund Society, FSB, d/b/a Christina Trust, Not Individually But as Trustee for Premium Mortgage Acquisition Trust.

## BACKGROUND AND GENERAL ALLEGATIONS

9.     In November 2007, Debtor mortgaged title for the Subject Property to JP Morgan Chase to secure its interest in a $612,000.00 Promissory Note. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, and corresponding Exhibits-A,B,C,D,E.)

10.    No copy of the Debtor's Note was ever scanned into the Minutes of the Kings County Clerk ((See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, and corresponding Exhibit B) in the foreclosure proceedings thar Chase file against the Debtor in 2011. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, and corresponding Exhibits A-E.)

11.    In January 2014, four years after Chase filed its foreclosure proceedings against the Debtor, Angela Bowden, signing as an officer of Chase, assigned title to Debtor's 2007 Mortgage the Christiana Trust. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, and corresponding Exhibits B,F.)

12.    The "Acknowledgment" of that Assignment specifically states that Bowden signed the instrument in the "County of Ouchita" in the State of Louisiana. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 13.)

13.    No "counties" exist in the State of Louisiana. The state is unique in the United States, in that it divides itself into "Parishes" rather than "Counties." (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 14.)

14.    No one residing or working in Louisiana, would sign a title instrument in a "County" or acknowledge their instrument to a Notary Public licensed in a "County" for the simple reason that no counties exist in Louisiana in the first place. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 15.)

15.    For these reasons, the "Bowden" Assignment is a title nullity on its face because it could not possibly have been signed by a real Chase employee working in the real state of Louisiana. If it had been signed by one, she would have altered the words "County of Ouchita" to read "Parish of Ouchita," or the witnessing Notary Public would have made the alteration for Bowden. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 16., and associated Exhibits E-F)

16.    For the identical set of reasons, there is no basis for presuming- from the existence of an Assignment executed in a non-existent Louisiana "County"- the Assignment documents or could possibly have documented the physical delivery of Debtor's original 2007 Promissory Note by Chase to anyone at all in the year 2014.  (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 17., and associated Exhibits A-F)

17.    In 2015, Debtor and his then Attorney Mr. Wharton examined the purported original Note in Defendant's possession at their offices in upstate New York.  As a result of that examination both the Debtor and his attorney concluded that the Note in possession of the Defendant did not appear to be the original note. Subsequently in August 2019 debtor and defendant entered into a loan modification agreement, and New York State Supreme Court issued an Order Discontinuing Action and Canceling LIS Pendens filed on January 16, 2020. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 11., and associated Exhibits A-E)

18.    In 2017 Natasha Gutwillig, signing as an "Assignments Manager" of the Christiana Trust, assigned title of Debtor's Mortgage to Normandy Mortgage Depositor Co., LLC. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 18., and associated Exhibit-G)

19.    Ms. Gutwillig referred to a Power of Attorney ("POA") recorded on ACRIS as proof of her signing authority. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 19., and associated Exhibits G-H.)

20.    The foregoing POA identified Defendant Selene as an agent for Gutwillig's Assignor, the Trust, but did **not** identify Defendant Selene as an agent for Gutwillig's Assignee, Normandy. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 20., and associated Exhibits G-H.)

21.    Nothing on the face of the POA, or on the face of the Gutwillig Assignment, cured the non-existence of a Louisiana "county" on the prior (Bowden) Assignment  to the Wilmington  Fund.  (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 21., and associated Exhibits F-H.)

22.    Consequently, nothing in the POA or the Assignment proved, or could prove, transfer of title of Debtor's 2007 original Note by Chase to either the Trust, Normandy, or Defendant Selene as the Trust's agent at any time during 2014-2017.  (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 22., and associated Exhibits E-H.)

23.    For these reasons the Gutwilllig Assignment, despite Gutwillig's documentation of her signing authority, in no respect documents anything beyond a break or an apparent break

in the chain of title to Debtor's 2007 loan and lien. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 23., and associated Exhibits E-H.)

24.    In November 2017, Monica Hargett-identifying herself a s an "Authorized Signatory" for Normandy- assigned title of Debtor's Mortgage to the Wilmington Savings Fund. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 24., and associated Exhibit-I)

25.    Hargett did **not** identify herself as an employee of Normandy. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 25., and associated Exhibit-I)

26.    Hargett did **not** identify herself (as Gutwillig did previously in 2017) as an employee of an agent of or attorney-in-fact for Normandy. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 26., and associated Exhibits G, I)

27.    Hargett did **not** identify her employer at all, and she did **not** assert that any business entity identified by her as her employer was an "agent" or an "attormey-in-fact" for Normandy. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 27., and associated Exhibit-I)

28.    Hargett did make references to Gutwillig's Assignment and to the recorded POA permitting Gutwillig to execute the Assignment. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 28., and associated Exhibits G-I)

29.    None of those references, however, proved anything beyond the existence of Gutwillig's documented signing authority at the time she executed the prior Assignment to Normandy. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 29., and associated Exhibits G-I)

30.     It is a strict rule of good and accepted New York title practice that no signing agent can prove "agency" simply by asserting that it exists. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 30., and associated Exhibits G,H,L)

31.     If someone has been authorized to act as a signing agent for a principal, he or she is either required to prove agency by simultaneously recording proof of agency (POA), attaching proof of agency, or by providing a book and page number for recorded proof of agency in another country or (for Louisiana) in another parish. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 31., and associated Exhibits A, H-I)

32.     Hargett opted for "None of the Above" as proof of agency, with the consequence that her Assignment to the Fund is nothing more than a second, documented or apparent title nullity on its face in the title history. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 32., and associated Exhibits A, E-I)

33.     In 2018 Celeste Harkins, signing as an "Authorized Signatory" for the Fund, assigned the Debtor's Mortgage back to Normandy Mortgage. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 33., and associated Exhibit-J)

34.     Harkins stated on the face of her Assignment, that she was recording a POA to prove her signing authority, but no POA is recorded on ACRIS. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 34., and associated Exhibits A-J)

35.     Consequently, the Harkins Assignment is a title nullity for the same reason the Hargett Assignment is a title nullity before it, no proof that either signor was authorized by anyone to execute either instrument. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 35., and associated Exhibits I-J)

36.     At the end of December 2018 Harkins-again evoking her non-existent POA signing "authority" -flipped title of Debtor's Mortgage from Normandy back to the Fund. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 36., and associated Exhibit-K)

37.     In 2019, Debtor and employees of Defendant Selene Finance signed a Modification Agreement (CEMA) addressing the terms of Debtor's 2—7 Promissory Note and Mortgage. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 37., and associated Exhibits A-E, CEMA at L)

38.     Because Harkins cited no recorded signing authority for her prior transfer of title for Debtor's lien back to Selene, there is no proof on the public record that the Fund (as Selene's principal) held legitimate title to wither Debtor's Mortgage, or the original Note secured by it on the day of Debtor's 2019 "modification" of terms. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 38, and associated Exhibits A,E,K,L)

39.     In 2020, signing as an "Authorized Signatory" for the Fund, Matthew Mustich assigned title of Debtor's modified Mortgage from the Fund as Trustee for "Aero Mortgage" to the Fund as Trustee for the "NNPL Trust."  (See attached hereto Exhibit-I, Metro Title Consultants Report of Chuck Noell, History ¶ 39, and associated Exhibit-M

40.     Mustich identified ACRIS Document No. 2020000099454 as the POA proving his signing authority. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 40, and associated Exhibit-M.)

41.     Mustich's POA identifies Mustich's employer, Pallisades Investment, as the "Aero Mortgage" Trust's agent, appointed in September 2018. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 41, and associated Exhibit-N.)

42.    In 2021, Lisa Harris, signing as officer of Meridian Asset Services and identifying Meridian as an "attorney-in-fact" for the Fund, assigned title of Debtor's Mortgage to U.S. Bank. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 42, and associated Exhibit-O.)

43.    Harris, like Mustich before her, referred to a recorded POA as proof of her signing authority. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 43, and associated Exhibits M-P)

44.    Mustich's and Harris' careful compliance with the title industry standards requiring agents to provide written proof of agency highlights the prior failures of Hargett and Harkins to comply with those standards. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 44, and associated Exhibits I-J, M-P)

45.    Those prior failures, like Bowden's execution of the first Assignment in this history in a non-existent Louisiana county, prove either the existence of two subsequent documented breaks in the chain of title to Debtor's Mortgage, or two apparent breaks in the chain of title to same. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 45, and associated Exhibits E-P)

46.    Three documented or apparent breaks in the chain of title to a lien are not, in good or accepted New York title practice, proof that any of the Assignees named on the occasions(s) of any of the three breaks ever took title by Endorsement to or acquired physical possession of Debtor's original 2007 Promissory Note. (See attached hereto Exhibit-1, Metro Title Consultants Report of Chuck Noell, History ¶ 46, and associated Exhibits A-P)

## REQUESTED RELIEF

47.     By filing this Complaint, the Debtor seeks to extend the automatic stay and prevent Defendants from enforcing its purported security interest in the collateral resulting from Debtor's default of the Loan Modification Agreement or be provided with adequate protection to prevent Debtor from suffering irreparable injury, loss, and damage. Specifically, Debtor seeks: (i) a declaration pursuant to section 362(a)(4) of the Bankruptcy Code that, while this Adversary Proceeding any act on the part of Defendants to create, perfect, or enforce any lien against property of the estate constitutes a violation of the automatic stay, or in the alternative, (ii) an order pursuant to section 105(a) of the Bankruptcy Code extending the automatic stay and/or granting an injunction prohibiting Defendants from filing any Actions in any Court while this case remains pending. Such relief is necessary to preserve the Debtor's prospects of successfully concluding his bankruptcy, protect the integrity of the automatic stay, and prevent prejudice to the Debtor's estate.

### Count I: Declaratory Relief Pursuant to Section 362 of the Bankruptcy Code

48.     The Debtor repeats and realleges paragraphs 1 through 47 as if fully set forth herein.

49.     The Debtor seek an order extending the automatic stay with respect to the Actions under section 362(a)(4) of the Bankruptcy Code.

50.     Section 362(a)(4) operates to stay actions against a debtor as to any act to create, perfect, or enforce any lien against property of the estate.

51.     Extension of the automatic stay is warranted because, as previously alleged herein, the issue as to Defendants standing to pursue such an action remains unresolved in light of the fact that at the time Defendants entered into the Loan Modification Agreement with the

Debtor on August 29, 2019, they had never acquired physical possession of Debtor's original

2007 Promissory Note or legitimate title to Debtor's 2007 Mortgage. As a result, Defendants

would be unable to produce the original Promissory Note and related endorsements required by

New York Civil Practice Laws and Rules Section 4539, if allowed to pursue their lien in New

York State Supreme Court.

52.    Based on the foregoing, the Debtor seeks a declaratory judgment extending the

stay under sections 362(a)(4) of the Bankruptcy Code to prevent Defendants from filing any

Action in any Court against the Debtor pending the resolution of this case.

### Count II: Injunctive Relief Pursuant to Section 105 of the Bankruptcy Code

53.    Paragraphs 1 through 52 are incorporated herein as though restated in full.

54.    Pursuant to section 105(a) of the Bankruptcy Code, the Debtors seek an extension

of the automatic stay and/or granting an injunction prohibiting Defendants from filing any

Actions in any Court while this case remains pending.

55.    Section 105(a) authorizes the Court to issue any orders that will further the

purposes and goals of the Bankruptcy Code, assist in the orderly and effective administration of

the Cases, aid in the preservation of the assets of the Debtors' estates, and aid in the

promulgation and confirmation of a chapter 11 plan that maximizes value for all stakeholders.

56.    The issuance of an injunction is appropriate to prohibit Defendants from

prosecuting any Actions against the Debtor while this case remain pending and is necessary to .

preserve the Debtor's prospects of successfully concluding his bankruptcy, protect the integrity

of the automatic stay, and prevent prejudice to the Debtor's estate.

57.    In light of the allegations contained herein, the likelihood of irreparable harm to the Debtors in the absence of injunctive relief far outweighs any harm that Defendants could suffer due to an injunction until after this case is resolved.

58.    The injunctive relief requested herein will serve the public interest by promoting compliance with the congressional purposes underlying the automatic stay and encouraging a successful outcome in these Cases.

59.    As an injunction barring Defendants from pursuing any Actions against the Debtor while this case remains pending is appropriate and necessary for the orderly and effective administration of Debtor's estate, good cause exists for the entry of injunctive relief pursuant to section 105(a) of the Bankruptcy Code.

60.    Based on the foregoing, pursuant to section 105(a) of the Bankruptcy Code, the Debtor seeks an extension of the automatic stay and/or an injunction prohibiting the Defendants from bringing any Actions against the Debtor in any Court pending the resolution of this case.

**WHEREFORE, Debtor respectfully requests relief as follows:**

a. The entry of a declaratory judgment that, while this case remains pending and the issue as to Defendants standing remains unresolved, filing any Actions against the Debtor in any Court would constitute a violation of the automatic stay imposed by sections 362(a)(4) of the Bankruptcy Code;

or

b. The entry of an order pursuant to section 105(a) of the Bankruptcy Code extending the automatic stay and/or granting an injunction prohibiting the Defendants from bringing any Actions against the Debtor in any Court while this case remains pending;

and

c. Such other and further relief as this Court deems just and equitable.

Dated: January 23, 2022
Brooklyn, New

VAN DOUG WALKER
545 Halsey Street
Brooklyn, N.Y. 11233
Telephone: (347) 517-5822
Email: vdoug.walker@gmail.com

**EXHIBIT-1**

# Metro Title Consultants
*(Forensic Investigators)*
## 495 Henry St.
## PMB 157
## Brooklyn, NY 11231
## 917 680 6712
## kcnwriter@aol.com

Chuck Noell
Nancy Lipner

Nov. 16, 2021

Van Walker
545 Halsey St.
Brooklyn, NY 11233

Re.:  Loan & Lien History
       (B. 1661 L. 72)

Dear Mr. Walker:

Pursuant to our recent conversation, the following is my updated title review of the property and litigation histories for your home at 545 Halsey St.

You previously asked me to review those histories for you six years ago in 2015.  At that time I visited the offices of the Kings County Clerk, read the foreclosure history (Exhibit "B") for your home and reported to you that no copy of your Promissory Note was available for review.

You have asked me to presume, for the purpose of this review, that – following my 2015 review and in the company of your then-Attorney, Frank Wharton, you examined a copy of your Promissory Note before (at Exhibit "C") the Plaintiff discontinued the foreclosure proceeding against you.  You have told me that both of you concluded the Plaintiff did not own your original Note.  (See, Exhibits "A" – "C.")

1

With that presumption in mind, my review shows the following:

## History

1. In Nov., 2007 you mortgaged title for this property to JPMorgan Chase to secure its interest in a $612,000 Promissory Note. (See, ACRIS History at Exhibit "A," Foreclosure History at Exhibit "B," Discontinuance at Exhibit "C," Industry Standards regarding transfers of title to Notes at Exhibit "D" and excerpts from your Mortgage at Exhibit "E.")

2. A Mortgage (Exhibit "E"), in good and accepted New York State title practice, is merely a lien protecting the interests of the owner(s) of an original Note. (See, Exhibits "D" – "E.")

3. Title to a Mortgage is devoid of meaning unless the owner or new owner of the lien is at or becomes at the same time the owner or new owner of the loan (original Note) secured by the Mortgage. (See, Exhibits "D" – "E.")

4. Equally, anyone who does become an owner or a new owner of an original Note – meaning they are in physical possession of the original loan instrument – automatically, in good and accepted New York title practice, becomes the legitimate (and only legitimate) new owner of the Mortgage securing their interest in the loan. (See, Exhibits "D" – "E.")

5. To document transfers of title – i.e., physical deliveries of the original instrument – for Promissory Notes, both published lending and title industry standards (Exhibit "D") require the prior owner of the original Note to "Indorse" it to the "Order" of the subsequent owner of the original Note.

6. Neither I nor any other title professional can provide you a thorough history for transfers of title (Assignments) to a Mortgage without being able to read at the same time the Indorsements history of the original Note secured by the Mortgage. (See, Exhibits "A" – "E.")

7.  No copy of your Note was ever scanned into the Minutes of the Kings County Clerk (Exhibit "B") in the foreclosure proceeding that Chase filed against you in 2010.  (See, Exhibits "A" – "E.")

8. At your request I made a visit to the County Clerk's office this week and asked the clerks if they could locate any "withdrawn" motion papers, to see if a copy of your Note was attached to any of them.  ("Withdrawn" motions were not scanned into the Clerk's Minutes 2010-2019.)

9.  The clerks spend two hours, without success, searching for "withdrawn" motions in your case.  Their supervisor told me that no "withdrawn" motions filed in or prior to 2016 remain in the County Clerk's office.  None after 2016 could be found.

10.     I cannot compare the Indorsements history of your original Note with the Assignments history of your Mortgage on ACRIS. (See, Exhibits "A" – "E.")

11.     I have to rely entirely on the Assignments history to shed light on your report that the copy of your Note, examined during the foreclosure proceeding by you and Mr. Wharton, was not the original loan instrument.  (See, Exhibits "A" – "E.")

12.     In Jan., 2014 (at Exhibit "F"), four years after Chase filed its foreclosure proceeding against you (at Exhibit "B"), Angela Bowden, signing as an officer of Chase, assigned title of your 2007 Mortgage to the Christiana Trust.

13.     The "Acknowledgment" of that Assignment specifically states that Bowden signed the instrument in the "County of Ouchita" in the State of Louisiana.  (See, Exhibit "F.")

14.     No "counties" exist in the State of Louisiana.  The state is unique in the United States, in that it divides itself into "Parishes" rather than "Counties."

15.     No one, residing or working in Louisiana, would sign a title instrument in a "County" or acknowledge their instrument to a Notary Public licensed in a "County" for the simple reason that

no counties exist in Louisiana in the first place.  (See, Exhibit "F.")

16.    For these reasons, the "Bowden" Assignment is a title nullity on its face because it could not possibly have been signed by a real Chase employee working in the real State of Louisiana.  If it had been signed by one, she would have altered the words "County of Ouchita" to read "Parish of Ouchita," or the witnessing Notary Public would have made the alteration for her.  (See, Exhibits "E" – "F.")

17.    For the identical set of reasons, there is no basis for presuming – from the existence of an Assignment executed in a non-existent Louisiana "county" – that the Assignment documents or could possibly have documented physical delivery of your original 2007 Promissory Note by Chase to anyone at all in the Year 2014.  (See, Exhibits "A" – "F.")

18.    In 2017 Natasha Gutwillig, signing as an "Assignments Manager" of the Christiana Trust, assigned title of your Mortgage to Normandy Mortgage Depositor Co., LLC.  (Exhibit "G.")

19.    Ms. Gutwillig referred to a Power of Attorney (Exhibit "H") recorded on ACRIS as proof of her signing authority.  (See, Exhibits "G" – "H.")

20.    That POA identified Selene as an agent for Gutwillig's Assignor, the Trust, but did **not** identify Selene as an agent for Gutwillig's Assignee, Normandy.  (See, Exhibits "G" – "H.")

21.    Nothing on the face of the POA, or on the face of the Gutwillig Assignment, cured the non-existence of a Louisiana "county" on the prior (Bowden) Assignment to the Wilmington Fund.  (See, Exhibits "F" – "H.")

22.    Consequently, nothing in the POA or in the Assignment proved, or could prove, transfer of title to your 2007 original Note by Chase to either the Trust, Normandy or Selene as the Trust's agent at any time 2014-2017.  (See, Exhibits "E" – "H.")

4

23.    For these reasons the Gutwillig Assignment, despite Gutwillig's documentation of her signing authority, in no respect documents anything beyond a break or an apparent break in the chain of title to your 2007 loan and lien.  (See, Exhibits "A" and "E" – "H.")

24.    In Nov., 2017 Monica Hargett – identifying herself as an "Authorized Signatory" for Normandy – assigned title of your Mortgage to the Wilmington Savings Fund.  (Exhibit "I.")

25.    Hargett did **not** identify herself as an employee of Normandy.  (See, Exhibit "I.")

26.    Hargett did **not** identify herself (as Gutwillig did previously in 2017) as an employee of an agent of or attorney-in-fact for Normandy.  (See, Exhibits "G" and "I.")

27.    Hargett did **not** identify her employer at all, and she did **not** assert that any business entity identified by her as her employer was an "agent" or an "attorney-in-fact" for Normandy.  (See, Exhibit "I.")

28.    Hargett did make references to Gutwillig's Assignment and to the recorded POA permitting Gutwillig to execute the Assignment.  (See, Exhibits "G" – "I.")

29.    None of those references, however, proved anything beyond the existence of Gutwillig's documented signing authority at the time she executed the prior Assignment to Normandy.  (See, Exhibits "G" – "I.")

30.    It is a strict rule of good and accepted New York title practice that no signing agent can prove "agency" simply by asserting that it exists.  (Compare & contrast, Exhibits "G" – "H" and "I.")

31.    If someone has been authorized to act as a signing agent for a principal, he or she is either required to prove agency by simultaneously recording proof of agency (e.g., by Power of Attorney), attaching proof of agency (e.g., a Corporate Resolution, as illustrated by the Selene Resolution at Exhibit

"H") or by providing a book and page number for recorded proof of agency existing in another county or (for Louisiana) parish.  (See, Exhibits "A" and "H" – "I.")

32.    Hargett opted for "None of the Above" as proof of agency, with the consequence that her Assignment to the Fund is nothing more than a second, documented or apparent title nullity on its face in this history.  (See, Exhibits "A" and "E" – "I.")

33.    In 2018 Celeste Harkins, signing as an "Authorized Signatory" for the Fund, assigned your Mortgage back to Normandy Mortgage.  (Exhibit "J.")

34.    Harkins stated, on the face of her Assignment, that she was recording a Power of Attorney ("POA") to prove her signing authority but no Power is recorded on ACRIS.  (See, Exhibits "A" and "J.")

35.    Consequently, the Harkins Assignment is a title nullity for the same reason the Hargett Assignment is a title nullity before it, no proof that either signor was authorized by anyone to execute either instrument.  (See, Exhibits "I" – "J.")

36.    At the end of Dec., 2018 Ms. Harkins – again evoking her non-existent Power of Attorney/signing "authority" – flipped title of your Mortgage from Normandy back to the Fund. (Exhibit "K.")

37.    In 2019, jointly with employees of Selene Finance, you signed a Modification Agreement (CEMA) addressing the terms of your 2007 Promissory Note and your 2007 Mortgage.  (See, Exhibits "A", "E" and the CEMA at "L.")

38.    Because Harkins cited no recorded signing authority (at Exhibit "K") for her prior transfer of title for your lien back to Selene, there is no proof on the public record that the Fund (as Selene's principal) held legitimate title to either your Mortgage or the original Note secured by it on the day of your 2019 "modification" of terms.  (See, Exhibits "A" and "E" – "L.")

39.    In 2020, signing as an "Authorized Signatory" for the Fund, Matthew Mustich assigned title of your modified Mortgage from the Fund as Trustee for "Aero Mortgage" to the Fund as Trustee for the "NNPL Trust." (Exhibit "M.")

40.    Mr. Mustich identified ACRIS Document # 2020000099454 as the Power of Attorney proving his signing authority. (See, Exhibit "M.")

41.    Mustich's POA (attached as Exhibit "N") identifies Mustich's employer, Palisades Investment, as the "Aero Mortgage" Trust's agent, appointed in Sept., 2018.

42.    In 2021 Lisa Harris, signing as an officer of Meridian Asset Services and identifying Meridian as an "attorney-in-fact" for the Fund, assigned title of your Mortgage to U.S. Bank. (Exhibit "O.")

43.    Harris, like Mustich before her, referred to a recorded POA (Exhibit "P") as proof of her signing authority. (See, Exhibits "M" – "P.")

44.    Mustich's and Harris' careful compliance (Exhibits "M" – "P") with title industry standards requiring agents to provide written proof of agency highlights the prior failures (at Exhibits "I" – "J") of Hargett and Harkins to comply with those standards.

45.    Those prior failures, like Bowden's execution of the first Assignment in this history in a non-existent Louisiana county, prove either the existence of two subsequent documented breaks in the chain of title to your Mortgage or two apparent breaks in the chain of title to it. (See, Exhibits "E" – "P.")

46.    Three documented or apparent breaks in the chain of title to a lien are not, in good or accepted New York title practice, proof that any of the Assignees named on the occasion(s) of any of the three breaks ever took title by Indorsement to or acquired physical possession of your original 2007 Promissory Note. (See, Exhibits "A" – "P.")

## **Discussion**

47.   My partner and I are title investigators, not attorneys.  (See, my company and my personal resumes, attached.)

48.   You will have to ask an attorney how, whether and if any of the "red flag" title questions I have addressed in this history are addressed by state or federal law.

49.   If you do not know the name of an attorney you could speak to, please ask the Kings Co. Bar Assn. or New York County Lawyers (at 7 Vesey St. in Manhattan) for a referral.

50.   I am the Title Specialist at Metro Title Consultants.  In that capacity, I have been an independent title reader or closer for Agents of Old Republic, Stewart, Chicago, Fidelity and Washington National Title Companies as well as a title investigator for solo and small practices in the Metropolitan Region.  (See, Resumes.)

51.   I am fully familiar with good and accepted New York State title industry standards and practices.

52.   Bruce Payne, the Stewart Title agent who originally trained me, likes to tell his classes that "We insure history."

53.   By that phrase, he means that reputable New York title readers are in the same general line of work as art curators and academic historians.

54.   Just as the former scrutinize chains of title (ownership) to works of art to verify their provenance, or the latter to historical source documents to authenticate them, title readers scrutinize chains of title to real property, liens posted against real property and (when available) the loans secured by them to make sure there are no breaks in the chain from prior to subsequent owners of record.

55.   Where we find breaks in a chain we are required to "red flag" them in the reports we deliver to our title clients.

56.   Title free and clear of claims or potential claims ("good" title, in industry parlance) cannot be conveyed to new owners of record until documented breaks in chains of title have first been cured on the public record or the appearance of them dispelled on the public record.

57.   Apart from the title industry standards I mentioned during this "History," basic title industry principles addressing red flag breaks and their cures include:

   a) Title instruments and documents must be truthful, transparent and self-consistent.

   b) Title readers are required to read title instruments and documents literally as they are written.  We are not permitted to "presume" the existence of spelling, or similarly inadvertent, errors or to "infer" intent.

   c) "Red flag" title questions are not laid to rest on the public record by ignoring or concealing them.

58.   I note that – when I worked for the National Council of Churches – I made frequent trips to New Orleans and Baton Rouge as part of my job.  (See, Personal Resume.)

59.   As a result of those trips I am personally aware that Louisiana does not have "Counties."  It has "Parishes."

60.   I note that – as a professional title investigator, 2010-2021 – I have had frequent occasion to read and review for our multiple attorney-clients literally dozens of title instruments executed between 2001-2021 in the State of Louisiana.

61.   On all of those occasions, the signors of the instruments and their witnessing Notary Publics have identified a "Parish" of Louisiana – not a "County" of Louisiana – as the location(s) where Assignments are executed.  (See, Personal and Company Resumes.)

62.    Ms. Bowden and her witnessing Notary Public proved that Bowden could not have executed the 2014 "Chase" Assignment (Exhibit "F") to the Wilmington Fund anywhere in Louisiana, when they mutually identified a "County" of Louisiana as the venue for their signatures.  (See, Resumes and Exhibit "F.")

63.    I am not permitted to read the Bowden Assignment other than literally.  I am not permitted to "presume" or "infer" that either Bowden or her Notary "meant to" identity a Parish of Louisiana, rather than a non-existent "County" of Louisiana as the location where Bowden signed the instrument.  (See, Resumes and Exhibit "F.")

64.    Until or unless someone executes and records a "Correction" Assignment proving that Bowden actually signed her 2014 lien instrument in real Parish of Louisiana, I have to read it literally as written and therefore as proof that the Assignment is a title nullity.  (See, Exhibits "E" - "F" and Resumes.)

65.    Read literally, the Bowden Assignment affirmatively disproves that anyone other than Chase itself ever became a new owner of your original 2007 Promissory Note or a legitimate new owner of your 2007 Mortgage.  (See, Exhibits "A" – "P.")

66.    Ms.es Hargett and Harkins voluntarily voided their subsequent Assignments by failure(s) to record Powers of Attorney or to attach proof of signing authority.  (See, Exhibit "A" and Exhibits "I" – "J"; contrast with, Exhibits "G" – "H" and "M" – "P.")

67.    Consequently, there is no proof on ACRIS that the owner of your loan and lien identified on your 2019 CEMA (Exhibit "L") ever acquired physical possession of your original 2007 Note or legitimate title to your 2007 Mortgage.  (See, Exhibits "A" – "L.")

68.    These breaches of good and accepted New York title practice are utterly consistent with your statement to me that, when you and Mr. Wharton examined it, the foreclosure plaintiff's (Exhibit "B") photocopy of your 2007 Note was just that, a

photocopy not the original loan instrument.  (See, Exhibits "A" – "P.")

69.    Anyone claiming in 2021 to be a legitimate new owner of your 2007 Chase loan can prove their legitimacy by producing – and only by producing – your original Note in open court, together with the original Indorsements on it showing a chain of title from Chase to them.  (See, Exhibits "A" – "P.")

70.    Anyone making the same claim can confirm what the ACRIS History of your Mortgage presently proves – that no one named as a new owner of your lien after 2014 ever took title to (or physical custody of) your original Note – by failing or refusing to produce the original Note, with its Indorsements, in open court.  (See, Exhibits "A" – "O.")

71.    Pending one cure or the other, the following – with a reasonable degree of professional certainty – are my opinions, based on the documents presently available to me for review:

## Opinions

72.    No one, in the ACRIS History of your Mortgage, holds or ever has held good title to your original Note or to your Mortgage.

73.    The "Bowden" Assignment from Chase to the Wilmington Fund in 2014 was and is a title nullity on its face because Bowden swore that she signed the instrument in a "county" of Louisiana, a state that has "parishes" not counties.

74.    Because the Bowden Assignment – by itself – does not and cannot prove physical delivery by Chase or your original 2007 Note to the Fund, it does not and cannot prove that the Fund or any of its subsequent Trusts ever acquired good title to your Mortgage regardless of the documented or lack of documented signing authority of its multiple signors, Gutwillig, Hargett, Harkins, Mustich and Harris.

75.    Meanwhile Hargett's and Harris' failures, prior to the date of your 2019 CEMA, to record or identify a POA or to attach a

Resolution – proving their signing authority for the Wilmington Fund Trusts named by them as their serial Assignors and Assignees – taints or fatally taints the legitimacy of the CEMA itself.

76.    Any business entity asserting in 2021 or after 2021 that it is the legitimate new owner of your 2007 Mortgage either has or does not have physical possession of your original ("wet ink") 2007 Note.

77.    That business entity either has or does not have physical possession of Indorsements to the "Order" of each subsequent new owner of your original Note by each prior owner of your original Note.

78.    If that business entity produces your original Note, with its original Indorsements, in open court, it will prove by that production that it is – despite the breaches of New York title standards evident on ACRIS – the legitimate new owner of your Mortgage.

79.    If that business entity will not or cannot produce the original Note, with its original Indorsements, in open court, it will prove by its failure or refusal to produce that someone else holds good title to your 2007 loan and lien.

80.    For these reasons it is my opinion, with a reasonable degree of professional certainty, that – to the extent you are addressing palpable breaches of good and accepted New York State title industry standards and practices – you have, absent production by someone of your original 2007 Note, with its original 2007 chain of Indorsements from Chase to them, meritorious claims or defenses against anyone else claiming that they are legitimate new owners of your loan and lien.

## Notes

81.    I suggest that you discuss this review with Mr. Wharton, or with another attorney, to see if the "red flag" title issues I am raising are parallel to any state or federal rules or laws.

82.    I also suggest that you ask Mr. Wharton to provide you with an Affirmation or an Affidavit explaining why he believed – when you and he examined it – that the plaintiff in your discontinued foreclosure proceeding never acquired physical possession of your original Note.

83.    I urge you to ask an attorney if there are legal questions – unrelated to title to your 2007 loan and lien – which you should address in any state or federal court proceeding(s.)

84.    Meanwhile, please let me see any documents that come to your attention, shedding additional or alternative light on the "red flag" title questions that I have raised in this review.

Thank you.

Cordially

Chuck Noell

Sworn to before
me **11/16/21**:

.................
**Notary Public**

JOHN P DeMAIO
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. # 02DE6167369
COMMISSION EXPIRES MAY 29, 2023

# Chuck Noell
*(Title Consultant)*
## 495 Henry St.
## PMB 157
## Brooklyn, NY 11231
## 917 680 6712
## kcnwriter@aol.com

*Title Background*:

| | | |
|---|---|---|
| Title Specialist | Metro Title Consultants.<br>(Formerly Kane Title Consultants)<br>(Independent Title Fraud<br>Investigators) | 2009-2019. |
| Title Reader | Fidelis Abstract Corp.<br>(Agent: Stewart Title Co.) | 2007-2011. |
| Title Closer | Bruce A. Payne & Associates.<br>CLE Abstract Corp.<br>East Coast Land Services.<br>H&Z Abstract Corp. | 2006-2013. |
| Title Fraud<br>Investigator:<br>*(Partial List<br>of Supervising<br>Attorneys)* | Paul R. Kenney, Esq.<br>Enealia Nau, Esq.<br>Roger Levy, Esq.<br>Georgia E. McCarthy, Esq.<br>Michael S. Hurwitz, Esq.<br>Subhana Rahim, Esq.<br>Gregory Messer, Esq.<br>Cindy O. Sanchez, Esq.<br>Victor S. Wong, Esq.<br>Douglas Spector, Esq.<br>Debra A. Galloway, Esq.<br>John P. Demaio, Esq.<br>Gail Spindler, Esq.<br>Richard Steigman, Esq.<br>Leonard Spector, Esq. | 2000-2021 |
| Training: | Bruce A. Payne & Asscs.<br>By Consultation: Harold Boxer, Esq. &<br>Paul Bugoni, Esq. (Stewart Title.) | 2006-2007<br>2007-2012 |

*General Background*:

| Title Specialist: | Kane Title Consultants | 2010-2013 |
|---|---|---|
| (*Independent* | Metro Title Consultants | 2013-2021 |
| *Legal/Medical/* | The Soledad Co., Inc. | 1999-2010 |
| *Title Investigation,* | | |
| *Research &* | | |
| *Drafting/Editing* | | |
| *Services*.) | | |

*Partial Attorney-*
*-Client List*:

| | Michael S. Grossman, Esq. | 1999-2021 |
|---|---|---|
| | Valerie S. Wolfman, Esq. | |
| | James S. McCarthy, Esq. | |
| | Gary Zaslow, Esq. | |
| | Stephen Zaslow, Esq. | |
| | Deborah Ball, Esq. | |
| | Joell C. Barnett, Esq. | |
| | Renaye Cuyler, Esq. | |
| | Paul Mederos, Esq.. | |
| | Raymond S. Sussman, Esq. | |
| | Regina L. Darby, Esq. | |
| | Judith A. Cox, Esq. | |
| | Kara A. Oboler, Esq. | |
| | Susan Warnock, Esq. | |

*Training & Prior*
*Employment*:

| | Bruce A. Clark & Asscs. | 1978-1997 |
|---|---|---|
| | Fellowship of Reconciliation | 1976-1978 |
| | The Healing Community | 1976-1978 |
| | National Council of Churches | 1973-1976 |
| | Quaker Project on Community Conflict | 1971-1973 |
| | American Friends Service Committee | 1970-1972 |
| | Friends Peace Committee | 1969-1971 |
| | Friends Suburban Project | 1968-1969 |
| | VISTA | Summer, 1968 |
| | College of Wooster (Phi Beta Kappa) | 1964-1968 |

*Publications*:

| Book Surge | "Warrior to Spiritual Warrior" | 2009 |
|---|---|---|
| Fortress Press | "We Are All POW's" | 1975 |
| Lutheran Press | "Crisis & Conflict" | 1975 |

# Metro Title Consultants

*Company Biography*

## 495 Henry St.
## PMB 157
## Brooklyn, NY 11231
## 917 680 6712
## KCNWRITER@AOL.COM

**Metro Title Consultants** is a forensic title and paralegal
services firm, providing a wide array of support
services to attorneys, real estate professionals and
homeowners in the New York Metropolitan Region.
Metro Title specializes in real estate and mortgage
fraud research and documentation..

**Chuck Noell**, as a principal of Metro Title, has over
thirty years' experience as a litigation paralegal and nearly
fifteen years' experience specifically as a real estate
fraud investigator and consultant to solo and small practices
in the Metropolitan Region.  Mr. Noell received training
in title work from Bruce A. Payne, an agent of Stewart Title,
and continues to be associated with Mr. Payne.

Mr. Noell has been an independent Title Reader, Closer
or Consultant, 2006-2019, for agents of Old Republic,
Stewart, Chicago, Fidelity, Washington and Fidelity
Title Companies.  He has, specifically, performed title
investigations and provided title reviews 2010-2019
for over 450 real estate and mortgage fraud cases in
New York and over 50 cases in New Jersey, 85% in
connection with foreclosure defenses, 15% in connection
with multiple title fraud claims.

**Nancy Lipner**, as principal of Metro Title has
a thirty-year background as a litigation paralegal,
with specific background as a legal, medical and title
research specialist.

| **Abstract Companies**: | **Attorneys**:    (Title/Fraud Litigation) |
|---|---|
| * Bruce A. Payne & Asscs. | * Paul R. Kenney |
| * CLE Abstract | * Vincent S. Wong |
| * EAM Land Services | * Subhana A. Rahim |
| * Fidelis Abstract Corp. | * Debra A. Galloway |
| * East Coast Land Services. | * Roger A. Levy |
| * H&Z Abstract Corp. | * Bruce Richardson |

82. I also suggest that you ask Mr. Wharton to provide you with an Affirmation or an Affidavit explaining why he believed – when you and he examined it – that the plaintiff in your discontinued foreclosure proceeding never acquired physical possession of your original Note.

83. Please discuss with an attorney the "x'ed" out paragraph in the discontinuance (Exhibit "C") addressing "deceleration" of your Chase loan.

84. In 2010, when Chase sued you, Banks were required – according to our attorney-clients – to send "90 Day Notices" accelerating the terms of the Promissory Notes signed by their borrowers.

85. Chase almost certainly sent a "90 Day Notice" to you because you provided me with a copy of one in 2015.

86. If Selene actually owned your original Note at the time it co-signed a CEMA with you (Exhibit "L"), it should have had full capacity in title to "decelerate" (i.e., revoke the 2010 Chase acceleration of) your Note at the time of discontinuance. (See, Exhibits "C" – "D" and "L.")

87. Again, from a title industry point of view the present owner of your Chase Mortgage can lay to rest any questions raised by the "x.ing" out of "deceleration" (at Exhibit "C") simply by producing your original Note in open court.

88. If, on the other hand, the present "owner" of your loan fails or refuses to produce your original Note in open court, I urge you to ask an attorney if state or federal law provide you with any grounds for arguing that failure or refusal – read in light of the failure or refusal by Selene to decelerate in 2018 – proves or contributes toward proving that the breaks in the chain of title to your Mortgage also prove breaks in the chain of title to your original Note. (See, Exhibits "A" – "P.")

89. I also urge you to ask an attorney if there are legal questions

Exhibit "A"

*Current Search Criteria:*

**Borough:** BROOKLYN /
KINGS
**Block:** 01661
**Lot:** 0072    **Unit:** N/A
**Date Range:** To Current
Date
**Document Class:** All
Document Classes

Records 1 - 10 << previous   next >>   Max
Rows

[ Search Options ] [ New BBL Search] [Edit Current Search] [View Tax Map] [Print Index]

| View | Reel/Pg/File | CRFN | Lot | Partial | Doc Date | Recorded / Filed | Document Type | Pages | Party1 | Party2 | Party 3/ Other | More Party 1/2 Names | Corrected/ Remarks | Doc Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 2021000208765 | 72 | ENTIRE LOT | 5/11/2021 | 6/4/2021 2:49:13 PM | ASSIGNMENT, MORTGAGE | 6 | WILMINGTON SAVINGS FUND SOCIETY FSB | US BANK TRUST NATIONAL ASSOCIATION | | ✓ | | 0 |
| | | 2021000111531 | 72 | ENTIRE LOT | 3/24/2021 | 3/26/2021 10:51:35 AM | LANDMARK DESIGNATION | 139 | NYC LANDMARKS PRESERVATION COMMISSION | | | | | 0 |
| | | 2020000164841 | 72 | ENTIRE LOT | 4/23/2020 | 6/5/2020 12:41:40 PM | ASSIGNMENT, MORTGAGE | 6 | WILMINGTON SAVINGS FUND SOCIETY FSB | WILMINGTON SAVINGS FUND SOCIETY FSB | | ✓ | | 0 |
| | | 2019000362357 | 72 | ENTIRE LOT | 8/29/2019 | 11/7/2019 9:57:45 AM | MORTGAGE AND CONSOLIDATION | 12 | WALKER, VAN | SELENE FINANCE LP | | | | 1,011,000 |
| | | 2019000049542 | 72 | ENTIRE LOT | 12/20/2018 | 2/12/2019 4:53:59 PM | ASSIGNMENT, MORTGAGE | 4 | NORMANDY MORTGAGE ACQUISITION COMPANY LLC | WILMINGTON SAVINGS FUND SOCIETY FSB | | ✓ | | 0 |
| | | 2019000049541 | 72 | ENTIRE LOT | 12/20/2018 | 2/12/2019 4:53:58 PM | ASSIGNMENT, MORTGAGE | 4 | WILMINGTON SAVINGS FUND SOCIETY FSB | NORMANDY MORTGAGE ACQUISITION COMPANY LLC | | ✓ | | 0 |
| | | 2018000087979 | 72 | ENTIRE LOT | 11/7/2017 | 3/14/2018 10:17:46 AM | ASSIGNMENT, MORTGAGE | 5 | NORMANDY MORTGAGE DEPOSITOR COMPANY, LLC | WILMINGTON SAVINGS FUND SOCIETY, FSB | | ✓ | | 0 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 2018000087978 | 72 | ENTIRE LOT | 10/13/2017 | 3/14/2018 10:17:45 AM | ASSIGNMENT, MORTGAGE | 5 | CHRISTIANA TRUST | NORMANDY MORTGAGE DEPOSITOR COMPANY, LLC | ✓ | | 0 |
| | | 2014000032335 | 72 | ENTIRE LOT | 1/8/2014 | 1/27/2014 4:49:54 PM | ASSIGNMENT, MORTGAGE | 3 | JPMORGAN CHASE BANK NATIONAL ASSOCIATION | CHRISTIANA TRUST | | | 0 |
| | | 2007000619476 | 72 | ENTIRE LOT | 11/1/2007 | 12/19/2007 2:01:52 PM | MORTGAGE | 23 | WALKER, VAN | JPMORGAN CHASE BANK, N.A. | | | 612,000 |

New Parcel Identifier Search

Exhibit "B"

# Case File Summary: 3605-2010    Back |    Print |

File Date:02/09/2010Index Type:FORECLOSURE OTHERS Plaintiff:JPMORGAN CHASE BA NK NAPlaintiff
Firm:ROSICKI Defendant:WALKER, VAN ETALDefendant Firm:

## Documents Filed

| Filed Date | Document |
| --- | --- |
| 02/09/2010 | Summ. & compl. |
| 02/09/2010 | Notice of pendency |
| 02/17/2010 | Affidavit of serv. |
| 02/18/2010 | Affidavit of serv. |
| 02/19/2010 | Affidavit of serv. 3 |
| 02/23/2010 | Affidavit of serv. |
| 02/25/2010 | Affidavit of serv. 2 |
| 06/25/2013 | Affirm. |
| 06/25/2013 | Req. judical interven. p |
| 10/08/2013 | Notice of pendency |
| 12/03/2013 | MOTION COVERPAGE d |
| 04/01/2014 | Notice of appearance |
| 04/10/2014 | Stipulation |
| 04/10/2014 | Stipulation |
| 04/10/2014 | Motion papers |
| 05/13/2014 | MOTION COVERPAGE fee pd. deft. |
| 05/14/2014 | Order dated 5/9/14-nsp |
| 05/26/2015 | Motion papers (marked off) |

## Documents Filed

| Filed Date | Document |
| --- | --- |
| 07/31/2015 | Consent to change attorney |
| 08/26/2016 | MOTION COVERPAGE FEE PD PLNTF. |
| 09/08/2016 | Notice of pendency |
| 02/06/2017 | MOTION COVERPAGE FEE PD. DEFT. |
| 03/10/2017 | MOTION COVERPAGE -FEE PAID/D |
| 08/31/2018 | Consent to change attorney , afft of service |
| 06/20/2019 | Notice of pendency |
| 10/16/2019 | MOTION COVERPAGE FEE PD. PLNTF. |
| 01/16/2020 | Order discont. action,cancelling not. of pendency |
| 02/05/2020 | Copy ord. notice entry, afft.svc. |

# Exhibit "C"

At IAS Part _FRP-1_ of the Supreme
Court of the State of New York held
in and for the County of Kings, at the
Courthouse thereof, located at 360
Adams Street, Brooklyn, NY 11201 on
the __9__ day of _December_, 201_9_

HON. NOACH DEAR, J.S.C.

------------------------------------------------------------X

JPMORGAN CHASE BANK, NA,

Index No. 3605/2010    m5
                       06

                                    Plaintiff

**ORDER DISCONTINUING
ACTION AND CANCELING LIS
PENDENS**

-against-

VAN WALKER; NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE;
PEOPLE OF THE STATE OF NEW YORK; NEW
YORK CITY ENVIRONMENTAL CONTROL
BOARD; NEW YORK CITY PARKING
VIOLATIONS BUREAU; NEW YORK CITY
TRANSIT ADJUDICATION BUREAU; "JOHN
DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises and corporations, other
entities or persons who claim, or may claim, a lien
against the premises,

**Mortgaged Premises**
545 Halsey Street
Brooklyn, NY 11233

**Block:** 1661
**Lot:** 72

                                    Defendants

------------------------------------------------------------X

On reading the Notice of Motion of the Plaintiff dated October 8, 2019, and the

supporting Affirmation of Juliana Thibaut, Esq., of Friedman Vartolo LLP, attorneys of record

for Plaintiff herein dated October 8, 2019, and said motion having been submitted to the Court;

and on all the pleadings, papers and proceedings heretofore had herein; and the Plaintiff's

application having come on to be heard before this Court on November 12, 2019 or as soon

thereafter as counsel could be heard; and due deliberation having been had on all the issues and

matters raised therein; it is

**ORDERED**, that the instant motion is granted; and it is further

**ORDERED,** that the above-entitled action be and the same is hereby discontinued as a result of a loan modification; and it is further

**ORDERED,** that the County Clerk of the County of Kings be and is hereby directed, upon payment of the proper fee, if any, to cancel and discharge of record certain notices of pendency filed in this action on February 9, 2010, October 8, 2013, September 8, 2016, and June 20, 2019 against 545 Halsey Street, Brooklyn, NY 11233 (Block: 1661, Lot: 72) and said Clerk is hereby directed to enter upon the margin of the record of same a notice of cancellation referring to this Order; and it is further

**ORDERED,** that the Defendant's answer be stricken and the Defendant's counterclaims be dismissed; and it is further

~~**ORDERED,** that Plaintiff hereby deaccelerates the maturity of the loan and withdraws all prior demands for immediate payment of all sums secured by the Security Instrument and re-institutes the loan as an installment loan; and it is further~~

**ORDERED,** that a copy of this Order with notice of entry be served upon all parties entitled to notice.

Dated: 12/9/19

ENTER,

_____
HON. NOACH DEAR, J.S.C

HON NOACH DEAR

FILED

JAN 16 2020

KINGS COUNTY CLERK'S OFFICE

Firm File No. 181200-1

COUNTY OF KINGS

JPMORGAN CHASE BANK, NA,

                                                                    Plaintiff,

                                    -against-

VAN WALKER ; et al.,

                                                                    Defendant(s)

---

## PROPOSED ORDER

---

LAW OFFICES
### FRIEDMAN VARTOLO LLP
*Attorneys for* PLAINTIFF(S)

*Office and Post Office Address, Telephone*
85 BROAD STREET, STE. 501
NEW YORK, NY 10004
(212) 471-5100

---

To

Attorney(s) for

---

Service of a copy of the within                                    is hereby admitted.

Dated,

.............................................................................

                                    Attorney(s) for

---

Sir: — Please take notice

☐ NOTICE OF ENTRY

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on                    20_____

☐ NOTICE OF SETTLEMENT

that an order                                    of which the within is a true copy will be presented for
settlement to the Hon.                                    one of the judges
of the within named court, at
on                    20_____    at                    _____M.

Dated,

                                    Yours, etc.
                                    FRIEDMAN VARTOLO LLP
                                    *Attorneys for* PLAINTIFF(S)

To                                    *Office and Post Office Address*
                                    85 BROAD STREET, STE. 501

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X

JPMORGAN CHASE BANK, NA,

Index No. 3605/2010 NATIONWIDE COURT SERVICES, INC.

Plaintiff

**AFFIRMATION OF SETTLEMENT
CONFERENCE COMPLIANCE**

- against -

VAN WALKER; NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE; PEOPLE OF THE
STATE OF NEW YORK; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW YORK
CITY PARKING VIOLATIONS BUREAU; NEW YORK
CITY TRANSIT ADJUDICATION BUREAU; "JOHN
DOES" and "JANE DOES", said names being fictitious,
parties intended being possible tenants or occupants of
premises and corporations, other entities or persons who
claim, or may claim, a lien against the premises,

**Mortgaged Premises:**
545 Halsey Street
Brooklyn, NY 11233

**Block:** 1661
**Lot:** 72

Defendants
-------------------------------------------------------------------X

I, Juliana Thibaut, Esq., the undersigned, an attorney duly admitted to practice law in the State

of New York, hereby affirm under penalty of perjury pursuant to CPLR 2106 that:

1.     I am an associate of the firm Friedman Vartolo LLP, the attorneys of record for the

named Plaintiff in this action and I am fully familiar with all of the proceedings had herein.

2.     That foreclosure settlement conferences were held between July 29, 2013 and May 9,

2014 as required by CPLR § 3408. On May 9, 2014, Plaintiff was permitted to proceed with the instant

foreclosure action.

Dated: October 8, 2019
New York, New York

Juliana Thibaut, Esq.

COUNTY OF KINGS

JPMORGAN CHASE BANK, NA,

                                                                    Plaintiff,

                              -against-

VAN WALKER ; et al.,

                                                        Defendant(s)

## AFFIRMATION OF SETTLEMENT CONFERENCE COMPLIANCE

LAW OFFICES
### FRIEDMAN VARTOLO LLP
*Attorneys for* PLAINTIFF(S)

*Office and Post Office Address, Telephone*
85 BROAD STREET, STE. 501
NEW YORK, NY 10004
(212) 471-5100

To

Attorney(s) for

Service of a copy of the within                                    is hereby admitted.

Dated,

                              ..........................................................................................

                              Attorney(s) for

Sir: – Please take notice

☐ NOTICE OF ENTRY

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on                    20____

☐ NOTICE OF SETTLEMENT
                                          ,
that an order                                    of which the within is a true copy will be presented for
settlement to the Hon.                                                    one of the judges
of the within named court, at
on                        20____    at                    ____M.

Dated,

                                          Yours, etc.
                              FRIEDMAN VARTOLO LLP
                              *Attorneys for* PLAINTIFF(S)

To                                        *Office and Post Office Address*
                                          85 BROAD STREET, STE. 501

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

JPMORGAN CHASE BANK, NA,

                                          Plaintiff

-against-

VAN WALKER; NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE;
PEOPLE OF THE STATE OF NEW YORK; NEW
YORK CITY ENVIRONMENTAL CONTROL
BOARD; NEW YORK CITY PARKING
VIOLATIONS BUREAU; NEW YORK CITY
TRANSIT ADJUDICATION BUREAU; "JOHN
DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

                                       Defendants

-------------------------------------------------------------------X

Index No. 3605/2010

**NOTICE OF MOTION TO
DISCONTINUE ACTION
AND CANCEL LIS
PENDENS**

**Mortgaged Premises**
545 Halsey Street
Brooklyn, NY 11233

**Block:** 1661
**Lot:** 72

    **PLEASE TAKE NOTICE**, that upon the annexed affirmation of Juliana Thibaut, Esq.
dated October 8, 2019, and any papers and exhibits annexed thereto, a motion will be heard at
the Kings County Supreme Court, 360 Adams Street, Brooklyn, NY 11201 in front of the
Honorable Noach Dear, J.S.C., Courtroom 756, on November 12, 2019, at 9:30 AM, or as soon
thereafter as counsel can be heard, for an order: (i) canceling the Lis Pendens, (ii) discontinuing
the instant action, (iii) striking the Defendant's answer and dismissing the Defendant's
counterclaims, and (iv) for such other relief as the court may deem just and proper.

    **PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR §2214(b) answering
affidavits, if any, are required to be served at least seven (7) days before the return date of this
motion.

Dated: October 8, 2019
New York, New York

                                Juliana Thibaut, Esq.
                                Friedman Vartolo LLP
                                Attorneys for Plaintiff
                                85 Broad Street, Suite 501
                                New York, New York 10004
                                P: 212.471.5100

KINGS COUNTY
SUPREME COURT
MOTION SUPPORT
APPROVED
DATE 10/16/19

KINGS COUNTY CLERK
FEE PD $ 45.00

Firm File No. 181200-1

To:

Frank Wharton, Esq.
*Attorney for Defendant Van Walker*
One Pierre Port Plaza, Floor 12
Brooklyn, New York 11201

New York State Department of Taxation and Finance
400 Oak Street
Garden City, New York 11530

People of the State of New York
Attorney General
300 Motor Parkway, Suite 125
Hauppauge, New York 11788

New York City Environmental Control Board
66 John Street, 10th Floor
New York, New York 10038

New York City Parking Violations Bureau
66 John Street, 10th Floor
New York, New York 10038

New York City Transit Adjudication Bureau
130 Livingston Street
Brooklyn, New York 11201

A. Albert Buonamici, Esq.
*Attorney for Defendant JPMorgan Chase Bank N.A. S/H/A John Doe*
222 Bloomingdale Road
White Plains, New York 10605

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X

JPMORGAN CHASE BANK, NA,

                                     Plaintiff

                - against -

VAN WALKER; NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE; PEOPLE OF THE
STATE OF NEW YORK; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW YORK
CITY PARKING VIOLATIONS BUREAU; NEW YORK
CITY TRANSIT ADJUDICATION BUREAU; "JOHN
DOES" and "JANE DOES", said names being fictitious,
parties intended being possible tenants or occupants of
premises and corporations, other entities or persons who
claim, or may claim, a lien against the premises,

                                  Defendants
------------------------------------------------------------------X

Index No. 3605/2010

**AFFIRMATION IN SUPPORT
OF MOTION TO
DISCONTINUE ACTION AND
CANCEL LIS PENDENS**

**Mortgaged Premises:**
545 Halsey Street
Brooklyn, NY 11233

**Block:** 1661
**Lot:** 72

I, Juliana Thibaut, Esq., the undersigned, an attorney duly admitted to practice law in the State of New York, hereby affirm under penalty of perjury pursuant to CPLR 2106 that:

1.    I am an associate of the firm Friedman Vartolo LLP, the attorneys of record for the Plaintiff in this action, by virtue of a Consent to Change Attorney filed in the Kings County Clerk's Office on August 22, 2018, and I am fully familiar with the proceedings had herein. A copy of the filed Consent to Change Attorney is attached hereto as **Exhibit A.**

2.    This affirmation is submitted in support of the motion to cancel the notices of pendency filed in the Kings County Clerk's Office on February 9, 2010, October 8, 2013, September 8, 2016, and June 20, 2019, strike the Defendant's answer and dismiss the Defendant's counterclaims, and to discontinue the pending foreclosure action.

3.    The instant action was commenced on February 9, 2010 when the Summons, Complaint and Notice of Pendency were filed in the Kings County Clerk's Office.

4.    Thereafter, the parties were able to settle the matter amicably as a result of a loan modification.

5.    As a result of the aforementioned, the underlying foreclosure action should be discontinued, pursuant to CPLR §3217(b), and the notices of pendency filed in the Kings County Clerk's Office on February 9, 2010, October 8, 2013, September 8, 2016, and June 20, 2019 should be discharged of record pursuant to CPLR §6514(a).

6.    Furthermore, the Defendant's answer should be stricken and the Defendant's counterclaims should be dismissed.

7.    This application is on notice to all defendants.

8.    No previous application has been made for the relief requested herein.

**WHEREFORE,** it is respectfully requested that the Plaintiff's motion be granted in its entirety, and such other and further relief as the Court may deem to be just and proper.

Dated: October 8, 2019
New York, New York

Juliana Thibaut, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
85 Broad Street, Suite 501
New York, New York 10004

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------X

JPMORGAN CHASE BANK, NA,

                                       Plaintiff,

        -against-

VAN WALKER; et. al.,

                           Defendant(s)

-----------------------------------------------------------------X

Index No. 3605/2010

**AFFIDAVIT OF MAILING**

STATE OF NEW YORK   )
                      )ss:
COUNTY OF NEW YORK )

Kristen Kinneary, deposes and says:

I am not a party to the action, am over 18 years of age, and reside in Bergen County, New Jersey.

On August 16, 2018, I served a true copy of the annexed **CONSENT TO CHANGE ATTORNEY** by mailing the same by First Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below.

                                        *Kristen Kinneary*
                                        Kristen Kinneary

Sworn To Before Me This
16th day of August, 2018

Notary Public

ANTHONY JAMES ORTIZ
NOTARY PUBLIC, STATE OF NEW YORK
No. 02OR6371189
Qualified in New York County
My Commission Expires February 20, 2022

To:

Frank Wharton, Esq.
Law Office of Gregory Nanton
*Attorney for Defendant Van Walker*
One Pierre Port Plaza, Floor 12
Brooklyn, New York 11201

New York State Department of Taxation and Finance
250 Veterans Memorial Highway
Hauppauge, New York 11788

People of the State of New York
Attorney General
300 Motor Parkway, Sutie 125
Hauppauge, New York 11788

New York City Environmental Control Board
100 Church Street
New York, New York 10007

New York City Parking Violations Bureau
100 Church Street
New York, New York 10007

New York City Transit Adjudication Bureau
130 Livingston Street
Brooklyn, New York 11201

LAW OFFICES
FRIEDMAN VARTOLO LLP

NATIONWIDE COURT SERVICES, INC.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------x

JPMORGAN CHASE BANK, NA,                    Index No. 3605/2010

                                    Plaintiff,

        -against-                           CONSENT TO CHANGE ATTORNEY

VAN WALKER; et al.                          COPY

                        Defendant(s)

-----------------------------------------------------------------x

     IT IS HEREBY STIPULATED AND AGREED, that FRIEDMAN VARTOLO LLP,
be substituted as attorneys for plaintiff for the undersigned party(ies) in the above action in place
and stead of the undersigned attorney(s) as of the date hereof.

     IT IS HEREBY STIPULATED AND AGREED, that this consent may be signed in
counterparts and that a fully executed facsimile copy shall have the same force and effect as an
original.

Dated: 8|1|18

BY: Jordan J. Manfro, Esq.
KNUCKLES, KOMOSINSKI & MANFRO, LLP
Outgoing Attorneys
565 Taxter Road, Suite 590
Elmsford, New York 10523
(P): 914-345-3020

Dated: 8·16·18

BY: Ralph Vartolo, Esq.
FRIEDMAN VARTOLO LLP
Incoming Attorneys
85 Broad Street, Suite 501
New York, NY 10004
(P) 212-471-5100
(F) 212-471-5150

2018 AUG 22    PM 3: 44
SUPREME COURT
KINGS COUNTY
FORECLOSURE DEPT.

Selene Finance, L.P., as Attorney in Fact for Plaintiff's
Assignee, Wilmington Savings Fund Society, FSB, d/b/a
Christiana Trust, as trustee for Normandy Mortgage Loan
Trust, Series 2017-1,

By: _____

Name: _____
              Haley Rope

Title: _____
              Foreclosure Manager

Sworn to before me this

___ day of _____, 2018

_____
NOTARY PUBLIC

Alton Horton
Commission # FF 152104
Expires: AUG 18, 2018
BONDED THRU
1ST FLORIDA NOTARY, LLC

3605/2010

**TO BE COMPLETED, IN ADDITION TO JURAT (ABOVE), IF EXECUTING OUTSIDE OF NEW YORK STATE**

STATE OF _____Florida_____ )

COUNTY OF _____Duval_____ ) ss:

On the __8__ day of __August__ in the year 2018 before me, the undersigned, a Notary Public in and for said State, personally appeared _____Haley Pope_____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in ___Jacksonville___ | Florida [*Insert the city or other political subdivision and the state or county or other place the acknowledgment was taken*].

_____
Notary Public

Personally Known ___✓___ OR
Produced Identification _____

Alton Horton
Commission # FF 152104
Expires: AUG 18, 2018
BONDED THRU
1ST FLORIDA NOTARY, LLC

Type of Identification Produced:

_____

_____

COUNTY OF KINGS

JPMORGAN CHASE BANK, NA,

Plaintiff,

-against-

VAN WALKER ; et al.,

Defendant(s)

## NOTICE OF MOTION TO DISCONTINUE ACTION AND CANCEL LIS PENDENS

LAW OFFICES
**FRIEDMAN VARTOLO LLP**
*Attorneys for* PLAINTIFF(S)

*Office and Post Office Address, Telephone*
85 BROAD STREET, STE. 501
NEW YORK, NY 10004
(212) 471-5100

To

Attorney(s) for

Service of a copy of the within                                         is hereby admitted.

Dated,

...............................................................................

Attorney(s) for

Sir: – Please take notice

☐ NOTICE OF ENTRY

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on                    20____

☐ NOTICE OF SETTLEMENT

that an order                                         of which the within is a true copy will be presented for
settlement to the Hon.                                         one of the judges
of the within named court, at
on                              20____    at                         ___M.

Dated,

Yours, etc.
FRIEDMAN VARTOLO LLP
*Attorneys for* PLAINTIFF(S)

*Office and Post Office Address*
85 BROAD STREET, STE. 501

To

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------------x

JPMORGAN CHASE BANK, NA,                                     Index No. 3605/2010

                                        Plaintiff,

            -against-                                        **AFFIDAVIT OF MAILING**

VAN WALKER; et al.,

                                        Defendants
---------------------------------------------------------------------x

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NEW YORK         )

Aaron Parisier, deposes and says:

I am not a party to the action, am over 18 years of age, and reside in New York County, New York.

On October 8, 2019, I served a true copy of the annexed **NOTICE OF MOTION TO DISCONTINUE ACTION CANCEL LIS PENDENS** by mailing the same by First-Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

Frank Wharton, Esq.
*Attorney for Defendant Van Walker*
One Pierre Port Plaza, Floor 12
Brooklyn, New York 11201

New York State Department of Taxation and Finance
400 Oak Street
Garden City, New York 11530

People of the State of New York
Attorney General
300 Motor Parkway, Suite 125
Hauppauge, New York 11788

New York City Environmental Control Board
66 John Street, 10th Floor
New York, New York 10038

New York City Parking Violations Bureau
66 John Street, 10th Floor
New York, New York 10038

New York City Transit Adjudication Bureau
130 Livingston Street
Brooklyn, New York 11201

A. Albert Buonamici, Esq.
Attorney for Defendant JPMorgan Chase Bank N.A. S/H/A John Doe
222 Bloomingdale Road
White Plains, New York 10605

Aaron Parisier

Sworn To Before Me This
8th day of October, 2019

Notary Public

JULIANA THIBAUT
NOTARY PUBLIC, STATE OF NEW YORK
No. 02TH6380694
Qualified in New York County
My Commission Expires Sept. 10, 2022

# Exhibit "D"



# Quick Reference- Do's and Do Not's

## Original Note, Note Endorsements And Allonge to Note

Posted 3/28/12

1. Original Note must be endorsed to **Mortgage Services III, LLC**
2. Endorsements must read:

>       PAY TO THE ORDER OF
>       MORTGAGE SERVICES III, LLC
>       WITHOUT RECOURSE

>   YOUR COMPANY NAME (**EXACTLY** AS LISTED ON PAGE 1 OF THE NOTE)
>   _____
>   TYPED NAME AND TITLE OF PERSON SIGNING FROM YOUR COMPANY

3. **White-out (or any other form of cover-up)** on Original Note is **NOT ACCEPTABLE**.
4. Any corrections made to the Original Note must be initialed by the borrower.
5. A stamp signature on the Original Note Endorsement or Original Allonge is not acceptable. A POA is not acceptable.
6. If borrower(s) happen to sign in wrong place on Note or twice on Note, the second signature must be voided and initialed.
7. Allonge to Note must contain the following criteria:
   a. Note Date
   b. Borrower(s) names **exactly** as they appear on the Note
   c. Property Address **exactly** as it appears on the Note
   d. Loan Number **exactly** as shown on the the Note
   e. Loan Amount **exactly** as shown on the Note
   f. The Note Endorsement, **exactly** as required by MSI: Pay to the Order of Mortgage Services III, LLC, Without Recourse
   g. Your company name (must match page 1 of Note **exactly**)
   h. Signed by authorized signor from your company (**POA is not permitted**)
   i. Must include typed (or stamped) name and title of authorized signor
8. If the Note is part of a Third Party Transaction, a Note Endorsement can be used followed by an Allonge or an additional Note Endorsement **OR** an Allonge followed by another Allonge. **Once an Allonge is used, an endorsement on the Original Note is not acceptable.**

MSI provides the Product Sheet as a quick reference for mortgage professionals only.
See the MSI Seller Guide for full details.



Version 3/28/12

Page 1 of 2



### AND LEGAL MEMORANDUM

View Current Newsletter - Search The Archive
Sign Up - Print

Issue 188 Article 321
Published: 6/1/2011

View the Entire Newsletter

## Foreclosure Cases Dissect 'Holder' Status in NC
### Chris Burti, Vice President and Senior Legal Counsel

One can scarcely read a current business news article without coming across a new article on the outcome of a recently litigated foreclosure defense. The North Carolina Court of Appeals has released several opinions on the subject recently and two of them with disparate outcomes should be of particular interest to real property practitioners. In addressing the first of the two cases we will discuss, *In Re Foreclosure: Gilbert,* (10-361-1) we would observe that the Court of Appeals followed closely the established precedent in North Carolina and this case may be remarkable only in that it took very literal guidance from North Carolina Supreme Court opinions requiring strict proof in foreclosure proceedings.

In 2006, the respondent, Mr. Gilbert, executed a note ("the Note") in favor of First National Bank of Arizona and secured by a Deed of Trust executed by Mr. Gilbert and his wife, on real property located on Ocracoke Island, North Carolina in order to refinance the existing loan on his home. The Deed of Trust designated First National Bank of Arizona as the lender and Matthew J. Ragaller of Casey, Grimsley & Ragaller, PLLC as the trustee. The record before the Court revealed that the note had been assigned repeatedly and the Allonge entered into evidence reflected the following series of endorsements:

**Pay to the order of:**
**First National Bank of Nevada**
**Without recourse by:**
**[Signature]**
**Amy Hawkins, Assistant Vice President**
**First National Bank Of Arizona**

**Pay to the order of:**
**Residential Funding Corporation**
**Without recourse**
**First National Bank of Nevada by: [Signature]**
**Deutsche Bank National Trust**
**Company, F/K/A Bankers Trust Company of California, N.A.**
**as Custodian as Attorney in Fact**
**[Illegible Name and Title]**

**Pay to the order of**
**Deutsche Bank Trust Company Americas as Trustee**
**Without recourse**
**Residential Funding Corporation by:**
**[Signature]**
**Judy Faber, Vice President**

Exhibit "E"

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City
Register will rely on the information provided
by you on this page for purposes of indexing
this instrument. The information on this page
will control for indexing purposes in the event
of any conflict with the rest of the document.



2007111901039001001EEC39

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 23 |
|---|---|

**Document ID:** 2007111901039001    Document Date: 11-01-2007    Preparation Date: 11-19-2007
**Document Type:** MORTGAGE
**Document Page Count:** 22

| PRESENTER: | RETURN TO: |
|---|---|
| GLOBALSERVE TITLE AGENCY CORP | JPMCBNA C/O CHF, LLC |
| 3000 MARCUS AVENUE, SUITE 1W12 | TRAILING DOCUMENTS |
| LAKE SUCCESS, NY 11042 | 700 KANSAS LANE MAIL CODE: LA4-4106 |
| 516-327-4500 | MONROE., LA 71203 |
| GST-07-4591-K | |

### PROPERTY DATA

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| BROOKLYN | 1661 | 72 | Entire Lot | | 545 HALSEY STREET |

**Property Type:** DWELLING ONLY - 2 FAMILY

### CROSS REFERENCE DATA

CRFN_____ *or* Document ID_____ *or* _____ Year_____ Reel____ Page _____ *or* File Number_____

### PARTIES

| MORTGAGOR/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| VAN WALKER | JPMORGAN CHASE BANK, N.A. |
| 545 HALSEY STREET | 1111 POLARIS PARKWAY |
| BROOKLYN, NY 11233 | COLUMBUS, OH 43240 |

### FEES AND TAXES

| Mortgage | | Filing Fee: | |
|---|---|---|---|
| Mortgage Amount: | $ 612,000.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ 612,000.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ 0.00 |
| TAXES: County (Basic): | $ 3,060.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ 6,885.00 | | $ 0.00 |
| Spec (Additional): | $ 0.00 | | |
| TASF: | $ 1,530.00 | | |
| MTA: | $ 1,806.00 | | |
| NYCTA: | $ 0.00 | | |
| Additional MRT: | $ 0.00 | | |
| TOTAL: | $ 13,281.00 | | |
| Recording Fee: | $ 147.00 | | |
| Affidavit Fee: | $ 0.00 | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**
Recorded/Filed    12-19-2007 14:01
City Register File No.(CRFN):
     2007000619476

*Annette M. Hill*

*City Register Official Signature*

*[handwritten: GSt-M-4591-K]*
*[handwritten: B. 1661  Lot. 72]*
*[handwritten: Tax $13,281.00]*

Return To:
JPMCBNA c/o CHF, LLC

Attn: Trailing Documents
700 Kansas Lane Mail Code: LA4-4106
Monroe, LA 71203

Prepared By:
Gallego, Juliet

———————— [Space Above This Line For Recording Data] ————————

# MORTGAGE

**WORDS USED OFTEN IN THIS DOCUMENT**
(A) "Security Instrument." This document, which is dated November 01, 2007
together with all Riders to this document, will be called the "Security Instrument."
(B) "Borrower."
        VAN   WALKER

whose address is 545 HALSEY ST
Brooklyn, NY  11233
sometimes will be called "Borrower" and sometimes simply "I" or "me."
(C) "Lender." JPMorgan Chase Bank, N.A.

will be called "Lender." Lender is a corporation or association which exists under the laws of
United States                         . Lender's address is 1111 Polaris Parkway
Columbus, OH  43240

Section: _____   Block: _1661_   Lot: _72_   Unit: _____
                              1890616862
NEW YORK - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3033 1/01

VMP®-6(NY) (0506)
Page 1 of 17                    Initials: *[handwritten]*
VMP Mortgage Solutions, Inc. (800)521-7291

Exhibit "F"



**2014012300535001001EC056**

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 3 |
|---|---|

**Document ID:** 2014012300535001   **Document Date:** 01-08-2014   **Preparation Date:** 01-23-2014
**Document Type:** ASSIGNMENT, MORTGAGE
**Document Page Count:** 2

**PRESENTER:**
LSI CRS
5 PETERS CANYON ROAD SUITE #200
IRVINE, CA 92606

**RETURN TO:**
LSI CRS
5 PETERS CANYON ROAD SUITE #200
IRVINE, CA 92606

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1661 | 72 | Entire Lot | 545 HALSEY STREET |

**Property Type:** DWELLING ONLY - 1 FAMILY

**CROSS REFERENCE DATA**

**CRFN:** 2007000619476

**PARTIES**

**ASSIGNOR/OLD LENDER:**
JPMORGAN CHASE BANK NATIONAL ASSOCIATION
111 POLARIS PARKWAY
COLUMBUS, OH 43240

**ASSIGNEE/NEW LENDER:**
CHRISTIANA TRUST
1610 EAST ST ANDREW PLACE
SANTA ANA, CA 92705

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 47.00 | | | |
| Affidavit Fee: | S | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**
Recorded/Filed   01-27-2014 16:49
City Register File No.(CRFN):
2014000032335

*City Register Official Signature*

After recording please mail to:
PEIRSONPATTERSON, LLP
ATTN: RECORDING DEPT.
13750 OMEGA ROAD
DALLAS, TX 75244-4505

——————————————*[Space Above This Line For Recording Data]*——————————————

Loan No.: 0024797102

# NEW YORK ASSIGNMENT OF MORTGAGE

For Value Received, JPMorgan Chase Bank, National Association, the undersigned holder of a Mortgage (herein "Assignor"), whose address is **1111 POLARIS PARKWAY, COLUMBUS, OH 43240** does hereby grant, sell, assign, transfer and convey, unto Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as trustee for Normandy Mortgage Loan Trust, Series 2013-18, (herein "Assignee"), whose address is 1610 East St. Andrew Place, Suite B150H, Santa Ana, CA 92705, all beneficial interest under a certain Mortgage dated November 1, 2007 and recorded on December 19, 2007, made and executed by VAN WALKER, to and in favor of JPMORGAN CHASE BANK, N.A., upon the following described property situated in KINGS County, State of New York:

Property Address: 545 HALSEY ST, BROOKLYN, NY 11233

BOROUGH: BROOKLYN BLOCK: 1661 LOT: 72

such Mortgage having been given to secure payment of **Six Hundred Twelve Thousand  and 00/100ths ($612,000.00)**, which Mortgage is of record in Book, Volume or Liber No. N/A, at Page N/A (or as No. 2007000619476), in the Office of the County Clerk or Register of KINGS County, State of New York.

This assignment is not subject to the requirements of section two hundred seventy-five of the Real Property Law because it is an assignment within the secondary mortgage market.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on
01-08-2014 .

Assignor:
JPMorgan Chase Bank, National Association

By: 
Angela Bowden

Its: Vice President

New York Assignment of Mortgage
JP Morgan Chase Bank N.A.                    Page 1 of 2              L73108NY 01/12 Rev. 05/12

*0024797102*

# ACKNOWLEDGMENT

State of Louisiana                                   §
                                                     §
County of Ouachita                                   §

On the 8 day of January in the year 2014 before me, the undersigned, personally appeared Angela Bowden, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Signature of Individual Taking Acknowledgment

Y K WILSON
Printed Name

Notary Public
Office of Individual Taking Acknowledgment

My Commission Expires: Lifetime

Y. K. WILSON
OUACHITA PARISH, LOUISIANA
LIFETIME COMMISSION
NOTARY ID# 064399

(Seal)

*0 0 2 4 7 9 7 1 0 2 *

Exhibit "G"

<table>
<tr><td>

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City
Register will rely on the information provided
by you on this page for purposes of indexing
this instrument. The information on this page
will control for indexing purposes in the event
of any conflict with the rest of the document.
</td><td>



2018031300645001001EFEC4
</td></tr>
</table>

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 5 |
|---|---|

**Document ID:** 2018031300645001     Document Date: 10-13-2017     Preparation Date: 03-13-2018
Document Type: ASSIGNMENT, MORTGAGE
Document Page Count: 3

| PRESENTER: | RETURN TO: |
|---|---|
| CHARLES A BROWN AND ASSOC DBA DOCSOLUTION 2316 SOUTHMORE AVE. PASADENA, TX 77502 | CHARLES A BROWN AND ASSOC DBA DOCSOLUTION 2316 SOUTHMORE AVE. PASADENA, TX 77502 |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1661 | 72 | Entire Lot | 545 HALSEY ST |

Property Type: DWELLING ONLY - 1 FAMILY

**CROSS REFERENCE DATA**

CRFN:   2007000619476
☒ Additional  Cross References on Continuation  Page

**PARTIES**

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| CHRISTIANA TRUST 500 DELAWARE AVE, 11TH FLOOR WILMINGTON, DE 19801 | NORMANDY MORTGAGE DEPOSITOR COMPANY, LLC 500 DELAWARE AVE, 11TH FLOOR WILMINGTON, DE 19801 |

☒ Additional  Parties Listed on Continuation  Page

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |

| | | | **RECORDED OR FILED IN THE OFFICE** |
|---|---|---|---|
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** |
| NYCTA: | $ | 0.00 | Recorded/Filed        03-14-2018 10:17 |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): |
| TOTAL: | $ | 0.00 | 2018000087978 |
| Recording Fee: | $ | 55.00 | |
| Affidavit Fee: | $ | 0.00 | *City Register Official Signature* |



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

2018031300645001001CFC44

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | PAGE 2 OF 5 |
|---|---|

| Document ID: 2018031300645001 | Document Date: 10-13-2017 | Preparation Date: 03-13-2018 |
|---|---|---|

Document Type: ASSIGNMENT, MORTGAGE

**CROSS REFERENCE DATA**
CRFN: 2014000032335

**PARTIES**

**ASSIGNOR/OLD LENDER:**
WILMINGTON SAVINGS FUND SOCIETY FSB
500 DELAWARE AVENUE, 11TH FLOOR
WILMINGTON, DE 19801

**ASSIGNOR/OLD LENDER:**
NORMANDY MORTGAGE LOAN TRUST SERIES 2013 18
500 DELAWARE STREET, 11TH FLOOR
WILMINGTON, DE 19801

Prepared by, Recording Requested By and Return to:
Charles Brown
Brown & Associates
2316 Southmore
Pasadena, TX 77502
713-941-4928



# ASSIGNMENT OF MORTGAGE

Record 1st

**FOR VALUE RECEIVED, CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-18, ITS SUCCESSORS AND ASSIGNS,** whose address is 500 Delaware Avenue, 11th Floor, Wilmington DE 19801 does hereby assign and transfer to **SERIES 1 OF NORMANDY MORTGAGE DEPOSITOR COMPANY, LLC, ITS SUCCESSOR AND ASSIGNS** forever and without recourse, whose address is c/o The Palisades Group LLC, 11755 Wilshire Blvd, Suite 1700, Los Angeles, CA 90025 all its right, title and interest in and to the described Mortgage executed by VAN WALKER to JPMORGAN CHASE BANK, N.A. for $612,000.00 dated 11/1/2007 of record on 12/19/2007 at Document Number 2007000619476, in the KINGS County Clerk's Office, State of NEW YORK.

Property Address: 545 HALSEY ST, BROOKLYN, NEW YORK 11233
S/B/L: BLOCK 1661, LOT 72

ASSIGNMENT FROM JPMORGAN CHASE BANK NATIONAL ASSOCIATION TO CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST SERIES 2013-18 DATED 1/8/2014 AND RECORDED 1/27/2014 AS CRFN# 2014000032335

Executed this 10 13 2017

CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-18 BY: SELENE FINANCE LP, ITS ATTORNEY-IN-FACT

By: NATASHA GUTWILLIG
Title: ASSIGNMENT MANAGER

**POA Recorded on 8/27/2014 as CRFN No. 2014000285055**

STATE OF TEXAS

COUNTY OF HARRIS

This instrument was acknowledged before me on _10/13/2017_ by NATASHA GUTWILLIG the ASSIGNMENT MANAGER of for SELENE FINANCE LP, AS ATTORNEY-IN-FACT FOR CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-18, ITS SUCCESSORS AND ASSIGNS, on behalf of said corporation.



Notary Public in and for the State of Texas
Notary's Printed Name: Danielle R. Murphy
My Commission Expires: 10/24/2020

DANIELLE R. MURPHY
Notary Public, State of Texas
Comm. Expires 10-24-2020
Notary ID130873214

For $612,000.00 dated 11/1/2007

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the Secondary Mortgage Market.

# CERTIFICATE OF CONFORMITY

STATE OF TEXAS

COUNTY OF HARRIS

The undersigned does hereby certify that he is an attorney at law duly admitted to practice in the State of Texas and is a resident of Austin, in the State of Texas: that he is a person duly qualified to make this Certificate of Conformity pursuant to Section 299-a of the Real Property Law of the State of New York: that he is fully acquainted with the laws of the State of New York pertaining to the acknowledgment or proof of deeds of real property to be recorded therein; that the foregoing acknowledgment by **NATASHA GUTWILLIG** named in the forgoing instrument taken before **DANIELLE R. MURPHY**, a notary in the State of Texas was taken in the manner prescribed by such laws of the State of Texas, being the State in which it was taken; and that it duly conforms with such laws and is in all respects valid and effective in such state.

Charles A. Brown,
Attorney at Law for the State of Texas

STATE OF TEXAS

COUNTY OF HARRIS

This instrument was acknowledged before me on this *March 13*, 2018 by Charles A. Brown, Attorney at Law.

Notary Public, State of Texas
Printed Name:
My commission expires:                                          (Seal)

Marissa Anne Ramsey
My Commission Expires
08/24/2021
ID No. 131258388

Exhibit "H"

<table>
<tr><td>

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City
Register will rely on the information provided
by you on this page for purposes of indexing
this instrument.The information on this page
will control for indexing purposes in the event
of any conflict with the rest of the document.

</td><td>



2014082400058001001EA86E

</td></tr>
</table>

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 9 |
|---|---|---|
| **Document ID:** 2014082400058001 | Document Date: 05-15-2014 | Preparation Date: 08-24-2014 |

Document Type: POWER OF ATTORNEY
Document Page Count: 7

| PRESENTER: | RETURN TO: |
|---|---|
| DOCSOLUTION, INC.<br>10529A FUQUA SUITE 426<br>HOUSTON, TX 77089 | DOCSOLUTION, INC.<br>10529A FUQUA SUITE 426<br>HOUSTON, TX 77089 |

## PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|

Property Type:

## CROSS REFERENCE DATA

CRFN_____  *or*  DocumentID_____  *or* _____ Year____ Reel____ Page_____  *or*  File Number_____

## PARTIES

| PARTY ONE: | PARTY TWO: |
|---|---|
| CHRISTIANA TRUST<br>500 DELAWARE AVENUE, 11TH FLOOR<br>WILMINGTON, DE 19801 | SELENE FINANCE LP<br>9990 RICHMOND AVENUE, SUITE 400 SOUTH<br>HOUSTON, TX 77042 |

☒ Additional Parties Listed on Continuation Page

## FEES AND TAXES

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 72.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**
Recorded/Filed        08-27-2014 12:16
City Register File No.(CRFN):
            2014000285055

*Annette M. Hill*

*City Register Official Signature*

<table>
<tr><td>NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER</td><td><br>2014082400058001001CAAEE</td></tr>
</table>

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | | PAGE 2 OF 9 |
|---|---|---|
| **Document ID: 2014082400058001** | Document Date: 05-15-2014 | Preparation Date: 08-24-2014 |
| Document Type: POWER OF ATTORNEY | | |

**PARTIES**

**PARTY ONE:**
WILMINGTON SAVINGS FUND SOCIETY FSB
500 DELAWARE AVENUE, 11TH FLOOR
WILMINGTON, DE 19801

**PARTY ONE:**
NORMANDY MORTGAGE LOAN TRUST 201318
500 DELAWARE AVENUE, 11TH FLOOR
WILMINGTON, DE 19801

# Limited Power of Attorney

From **CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-18**

500 Delaware Avenue, 11th Floor, Wilmington, DE 19801

To **SELENE FINANCE LP**

9990 Richmond Avenue, Suite 400 South, Houston, TX 77402

Document Drafted By
Selene Finance LP
9990 Richmond Avenue, Suite 400 South,
Houston, TX 77402

Recording Requested By and Return To
Charles A. Brown & Associates, P.L.L.C.
2316 Southmore
Pasadena, TX 77502

Document drafted by and
RECORDING REQUESTED BY:
Selene Finance LP
9990 Richmond Avenue, Suite 400 South
Houston, Texas 77042
Attention: Shane Ross, COO

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LIMITED POWER OF ATTORNEY

**Each trust identified on the attached Schedule A (collectively, the "Trusts"), by and through Christina Trust, A Division of Wilmington Savings Fund Society, FSB and having an office at 500 Delaware Avenue, 11th Floor, Wilmington, Delaware 19801, not in its individual capacity but solely as Trustee ("Trustee"), hereby constitutes and appoints Selene Finance LP, ("Servicer") and in its name, aforesaid Attorney-In-Fact, by and through any officer appointed by the Servicer, to execute and acknowledge in writing or by facsimile stamp all documents customarily and reasonably necessary and appropriate for the tasks described in the items (1) through (5) below; provided however, that the documents described below may only be executed and delivered by such Attorneys-In-Fact if such documents are required or permitted under the terms of the applicable agreement listed on Schedule B attached hereto (each such agreement, a "Pooling and Servicing Agreement"), and no power is granted hereunder to take any action that would be adverse to the interests of Christiana Trust, A Division of Wilmington Savings Fund Society, FSB. This Limited Power of Attorney is being issued in connection with Servicer's responsibilities to service certain mortgage loans (the "Loans") and related Properties (as defined below) held by Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee. These Loans are secured by collateral comprised of Mortgages, Deeds of Trust, Deeds to Secure Debt and other forms of security instruments (collectively the "Security Instruments") encumbering any and all real and personal property delineated therein (the "Property") and the Notes secured thereby.**

1.  Demand, sue for, recover, collect and receive each and every sum of money, debt, account and interest (which now is, or hereafter shall become due and payable) belonging to or claimed by Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee, and to use or take any lawful means for recovery by legal process or otherwise, including but not limited to the substitution of trustee serving under a Deed of Trust, the preparation and issuance of statements of breach, notices of default, and/or notices of sale, taking deeds in lieu of foreclosure, evicting (to the extent allowed by federal, state or local laws) and foreclosing on the properties under the Security Instruments.

2.  Execute and/or file such documents and take such other action as is proper and necessary to defend Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee in litigation and resolve any litigation where the Servicer has an obligation to defend Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee.

Exhibit "I"



**2018031300645002001EFE80**

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 5 |
|---|---|

Document ID: **2018031300645002**          Document Date: 11-07-2017          Preparation Date: 03-13-2018
Document Type: ASSIGNMENT, MORTGAGE
Document Page Count: 3

| PRESENTER: | RETURN TO: |
|---|---|
| CHARLES A BROWN AND ASSOC DBA DOCSOLUTION<br>2316 SOUTHMORE AVE.<br>PASADENA, TX 77502 | CHARLES A BROWN AND ASSOC DBA DOCSOLUTION<br>2316 SOUTHMORE AVE.<br>PASADENA, TX 77502 |

## PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1661 | 72 | Entire Lot | 545 HALSEY ST |

Property Type: DWELLING ONLY - 1 FAMILY

## CROSS REFERENCE DATA

CRFN:   2007000619476
☒ Additional Cross References on Continuation Page

## PARTIES

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| NORMANDY MORTGAGE DEPOSITOR COMPANY, LLC<br>C/O THE PALISADES GROUP LLC, 11755 WILSHIRE BLVD STE 1700 | WILMINGTON SAVINGS FUND SOCIETY, FSB<br>500 DELAWARE AVE, 11TH FLOOR<br>WILMINGTON, DE 19801 |

☒ Additional Parties Listed on Continuation Page

## FEES AND TAXES

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES:  County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 55.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK
Recorded/Filed          03-14-2018 10:17
City Register File No.(CRFN):
          2018000087979

*Annotta McJen*

*City Register Official Signature*

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER |  |
|---|---|

**2018031300645002001CFC00**

| RECORDING AND ENDORSEMENT COVER PAGE  (CONTINUATION) | | PAGE 2 OF 5 |
|---|---|---|
| **Document ID:** 2018031300645002 | Document Date: 11-07-2017 | Preparation Date: 03-13-2018 |
| Document  Type: ASSIGNMENT, MORTGAGE | | |

**CROSS REFERENCE DATA**
CRFN:  2014000032335

**PARTIES**

**ASSIGNEE/NEW LENDER:**
CHRISTIANA TRUST
500 DELAWARE STREET, 11TH FLOOR
WILMINGTON, DE 19801

**ASSIGNEE/NEW LENDER:**
NORMANDY MORTGAGE LOAN TRUST SERIES 2017
1
500 DELAWARE STREET, 11TH FLOOR
WILMINGTON, DE 19801

Prepared by, Recording Requested By and Return to:
Charles Brown
Brown & Associates
2316 Southmore
Pasadena, TX 77502
713-941-4928

*3542077*

Record 2nd

# ASSIGNMENT OF MORTGAGE

**FOR VALUE RECEIVED, SERIES 1 OF NORMANDY MORTGAGE DEPOSITOR COMPANY, LLC, ITS SUCCESSORS AND ASSIGNS,** whose address is c/o The Palisades Group LLC,, 11755 Wilshire Blvd, Suite 1700, Los Angeles, CA 90025 does hereby assign and transfer to **WILMINGTON SAVINGS FUND SOCIETY, FSB, D\B\A CHRISTIANA TRUST, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2017-1, ITS SUCCESSOR AND ASSIGNS** forever and without recourse, whose address is 500 Delaware Avenue, 11th Floor, Wilmington DE 19801 all its right, title and interest in and to the described Mortgage executed by VAN WALKER to JPMORGAN CHASE BANK, N.A. for $612,000.00 dated 11/1/2007 of record on 12/19/2007 at Document Number 2007000619476, in the KINGS County Clerk's Office, State of NEW YORK.

Property Address: 545 HALSEY ST, BROOKLYN, NEW YORK 11233
S/B/L: BLOCK 1661, LOT 72

ASSIGNMENT FROM JPMORGAN CHASE BANK NATIONAL ASSOCIATION TO CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST SERIES 2013-18 DATED 1/8/2014 AND RECORDED 1/27/2014 AS CRFN# 2014000032335

* Executed this 11/7/2017

SERIES 1 OF NORMANDY MORTGAGE DEPOSITOR COMPANY, LLC

[signature]
By: Monica Hargett
Title: AUTHORIZED SIGNATORY

* ASSIGMENT FROM CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-18 TO SERIES 1 OF NORMANDY MORTGAGE DEPOSITOR COMPANY, LLC, DATED 10/13/2017 AND RECORDED CONCURRENTLY HEREWITH.

STATE OF TEXAS

COUNTY OF _Dallas_

This instrument was acknowledged before me on  11/1/2017 by **Monica Hargett** the AUTHORIZED SIGNATORY of for SERIES 1 OF NORMANDY MORTGAGE DEPOSITOR COMPANY, LLC, ITS SUCCESSORS AND ASSIGNS, on behalf of said limited liability company.

_____
Notary Public in and for the State of Texas
Notary's Printed Name: __CELESTE HARKINS__
My Commission Expires: _10/24/19_

For $612,000.00 dated 11/1/2007



CELESTE HARKINS
Notary Public, State of Texas
Comm. Expires 10-24-2019
Notary ID 128780951

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the Secondary Mortgage Market.

# CERTIFICATE OF CONFORMITY

STATE OF TEXAS

COUNTY OF HARRIS

The undersigned does hereby certify that he is an attorney at law duly admitted to practice in the State of Texas and is a resident of Austin, in the State of Texas: that he is a person duly qualified to make this Certificate of Conformity pursuant to Section 299-a of the Real Property Law of the State of New York: that he is fully acquainted with the laws of the State of New York pertaining to the acknowledgment or proof of deeds of real property to be recorded therein; that the foregoing acknowledgment by **MONICA HARGETT** named in the forgoing instrument taken before **CELESTE HARKINS** , a notary in the State of Texas was taken in the manner prescribed by such laws of the State of Texas, being the State in which it was taken; and that it duly conforms with such laws and is in all respects valid and effective in such state.

Charles A. Brown,
Attorney at Law for the State of Texas

STATE OF TEXAS

COUNTY OF HARRIS

    This instrument was acknowledged before me on this *March 13* , 2018 by Charles A. Brown, Attorney at Law.

Notary Public, State of Texas
Printed Name:                                    (Seal)
My commission expires:



NOTARY PUBLIC
Marissa Anne Ramsey
My Commission Expires
08/24/2021
ID No. 131258388
STATE OF TEXAS

# Exhibit "J"

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument.The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2019021101345002001EC003

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 4 |
|---|---|

**Document ID:** 2019021101345002    Document Date: 12-20-2018    Preparation Date: 02-11-2019
**Document Type:** ASSIGNMENT, MORTGAGE
**Document Page Count:** 2

**PRESENTER:**
CHARLES A BROWN AND ASSOC DBA
DOCSOLUTION
2316 SOUTHMORE AVE.
PASADENA, TX 77502

**RETURN TO:**
CHARLES A BROWN AND ASSOC DBA
DOCSOLUTION
2316 SOUTHMORE AVE.
PASADENA, TX 77502

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1661 | 72 | Entire Lot | 545 HALSEY ST |

**Property Type:** DWELLING ONLY - 2 FAMILY

**CROSS REFERENCE DATA**

**CRFN:** 2007000619476

**PARTIES**

**ASSIGNOR/OLD LENDER:**
WILMINGTON SAVINGS FUND SOCIETY FSB
500 DELAWARE AVENUE 11TH FLOOR
WILMINGTON, DE 19801

**ASSIGNEE/NEW LENDER:**
NORMANDY MORTGAGE ACQUISITION COMPANY
LLC
C/O THE PALISADES GROUP LLC, 11755 WILSHIRE
BLVD STE 1700
LOS ANGELES, CA 90025

☒ Additional Parties Listed on Continuation Page

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 47.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**
Recorded/Filed        02-12-2019 16:53
City Register File No.(CRFN):
2019000049541

*City Register Official Signature*



2019021101345002001CC283

| | |
|---|---|
| **RECORDING AND ENDORSEMENT COVER PAGE  (CONTINUATION)** | **PAGE 2 OF 4** |

**Document ID: 2019021101345002**    Document Date: 12-20-2018    Preparation Date: 02-11-2019
Document  Type: ASSIGNMENT, MORTGAGE

---

**PARTIES**

**ASSIGNOR/OLD LENDER:**
CHRISTIANA TRUST
500 DELAWARE AVENUE 11TH FLOOR
WILMINGTON, DE 19801

**ASSIGNOR/OLD LENDER:**
NORMANDY MORTGAGE LOAN TRUST SERIES 2017
1
500 DELAWARE AVENUE 11TH FLOOR
WILMINGTON, DE 19801

Prepared by, Recording Requested By and Return to:
Charles Brown
Brown & Associates
2316 Southmore
Pasadena, TX 77502
713-941-4928

Client Id: Pal/AOL
Loan #: 0101100132



# ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A
CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL
TITLE TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2017-1, ITS
SUCCESSORS AND ASSIGNS, whose address is 500 Delaware Avenue, 11th Floor, Wilmington DE
19801 does hereby assign and transfer to **NORMANDY MORTGAGE ACQUISITION COMPANY,
LLC, ITS SUCCESSOR AND ASSIGNS** forever and without recourse, whose address is c/o The
Palisades Group, LLC, 11755 Wilshire Blvd., Suite 1700, Los Angeles, CA 90025 all its right, title and
interest in and to the described Mortgage executed by VAN WALKER to JPMORGAN CHASE BANK,
N.A. for $612,000.00 dated 11/1/2007 of record on 12/19/2007 at Document Number 2007000619476, in
the KINGS County Clerk's Office, State of NEW YORK.

Property Address: 545 HALSEY ST, BROOKLYN, NEW YORK 11233
S/B/L: BLOCK: 1661 LOT: 72

ASSIGNMENT FROM JPMORGAN CHASE BANK, NATIONAL ASSOCIATION TO CHRISTIANA TRUST, A
DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB AS TRUSTEE FOR NORMANDY MORTGAGE
LOAN TRUST SERIES 2013-18 DATED 1/8/2014 AND RECORDED ON 1/27/2014 AS CRFN# 2014000032335
ASSIGNMENT FROM CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY,
FSB AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST SERIES 2013-18 TO SERIES 1 OF
NORMANDY MORTGAGE DEPOSITOR COMPANY LLC DATED 10/13/2017 AND RECORDED ON 3/14/2018
AS CRFN# 2018000087978
ASSIGNMENT FROM SERIES 1 OF NORMANDY MORTGAGE DEPOSITOR COMPANY, LLC TO
WILMINGTON SAVINGS FUND SOCIETY, FSB, D\B\A CHRISTIANA TRUST, AS TRUSTEE FOR
NORMANDY MORTGAGE LOAN TRUST, SERIES 2017-1, ITS SUCCESSOR ASSIGNS. DATED 11/7/2017
AND RECORDED ON 3/14/2018 AS CRFN NO. 2018000087979.

Executed this 12/20/2015

WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS
INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR NORMANDY
MORTGAGE LOAN TRUST, SERIES 2017-1 BY: NORMANDY MORTGAGE DEPOSITOR
COMPANY, LLC, ITS ATTORNEY-IN-FACT  *POA Recorded: Concurrently Herewith*

By: _Authorized Signatory_    CELESTE HARKINS
Title: Authorized Signatory

STATE OF _Texas_

COUNTY OF _Dallas_

Before me, the undersigned officer, on this day, personally appeared _____**CELESTE HARKINS**_____ the AUTHORIZED SIGNATORY of NORMANDY MORTGAGE DEPOSITOR COMPANY, LLC, ATTORNEY-IN-FACT WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2017-1, ITS SUCCESSORS AND ASSIGNS, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal this _12/20/18_.

Notary Public in and for the State of _Texas_
Notary's Printed Name: ___**Alison Bryant**___
My Commission Expires: _4/23/22_

For $612,000.00 dated 11/1/2007



This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the Secondary Mortgage Market.

Exhibit 'K"

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2019021101345003001E003E

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 4 |
|---|---|---|
| Document ID: 2019021101345003 | Document Date: 12-20-2018 | Preparation Date: 02-11-2019 |

Document Type: ASSIGNMENT, MORTGAGE
Document Page Count: 2

| PRESENTER: | RETURN TO: |
|---|---|
| CHARLES A BROWN AND ASSOC DBA DOCSOLUTION 2316 SOUTHMORE AVE. PASADENA, TX 77502 | CHARLES A BROWN AND ASSOC DBA DOCSOLUTION 2316 SOUTHMORE AVE. PASADENA, TX 77502 |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1661 | 72 | Entire Lot | 545 HALSEY ST |

Property Type: DWELLING ONLY - 2 FAMILY

**CROSS REFERENCE DATA**

CRFN:   2007000619476

**PARTIES**

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| NORMANDY MORTGAGE ACQUISITION COMPANY LLC C/O THE PALISADES GROUP LLC, 11755 WILSHIRE BLVD STE 1700 | WILMINGTON SAVINGS FUND SOCIETY FSB C/O SELENE FINANCE LP, 9990 RICHMOND AVE STE 400 SOUTH HOUSTON, TX 77042 |

☒ Additional Parties Listed on Continuation Page

**FEES AND TAXES**

| Mortgage : | | | | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | Filing Fee: | |
| Taxable Mortgage Amount: | $ | 0.00 | | $ 0.00 |
| Exemption: | | | NYC Real Property Transfer Tax: | |
| TAXES:   County (Basic): | $ | 0.00 | | $ 0.00 |
| City (Additional): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| Spec (Additional): | $ | 0.00 | | $ 0.00 |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | |
| NYCTA: | $ | 0.00 | |
| Additional MRT: | $ | 0.00 | |
| TOTAL: | $ | 0.00 | |
| Recording Fee: | $ | 47.00 | |
| Affidavit Fee: | $ | 0.00 | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**

Recorded/Filed    02-12-2019 16:53
City Register File No.(CRFN):
2019000049542

*Annette M Hill*

*City Register Official Signature*



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

2019021101345003001C02BE

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | PAGE 2 OF 4 |
|---|---|

**Document ID:** 2019021101345003    Document Date: 12-20-2018    Preparation Date: 02-11-2019
Document Type: ASSIGNMENT, MORTGAGE

---

**PARTIES**
**ASSIGNEE/NEW LENDER:**
AERO MORTGAGE LOAN TRUST 2017 1
C/O SELENE FINANCE LP, 9990 RICHMOND AVE STE
400 SOUTH
HOUSTON, TX 77042

Prepared by, Recording Requested By and Return to:
Charles Brown
Brown & Associates
2316 Southmore
Pasadena, TX 77502
713-941-4928

Client Id: Pa1/AOL
Loan #: 0101100132



# ASSIGNMENT OF MORTGAGE

**FOR VALUE RECEIVED, NORMANDY MORTGAGE ACQUISITION COMPANY, LLC, ITS SUCCESSORS AND ASSIGNS,** whose address is c/o The Palisades Group LLC, 11755 Wilshire Blvd, Suite 1700, Los Angeles, CA 90025 does hereby assign and transfer to **WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE, ON BEHALF OF AERO MORTGAGE LOAN TRUST 2017-1, ITS SUCCESSOR AND ASSIGNS** forever and without recourse, whose address is c\o Selene Finance, LP, 9990 RICHMOND AVENUE; STE 400 SOUTH, HOUSTON, TEXAS 77042 all its right, title and interest in and to the described Mortgage executed by VAN WALKER to JPMORGAN CHASE BANK, N.A. for $612,000.00 dated 11/1/2007 of record on 12/19/2007 at Document Number 2007000619476, in the KINGS County Clerk's Office, State of NEW YORK.

Property Address: 545 HALSEY ST, BROOKLYN, NEW YORK 11233
S/B/L: BLOCK: 1661 LOT: 72

ASSIGNMENT FROM JPMORGAN CHASE BANK, NATIONAL ASSOCIATION TO CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST SERIES 2013-18 DATED 1/8/2014 AND RECORDED ON 1/27/2014 AS CRFN# 2014000032335
ASSIGNMENT FROM CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST SERIES 2013-18 TO SERIES 1 OF NORMANDY MORTGAGE DEPOSITOR COMPANY LLC DATED 10/13/2017 AND RECORDED ON 3/14/2018 AS CRFN# 2018000087978
ASSIGNMENT FROM SERIES 1 OF NORMANDY MORTGAGE DEPOSITOR COMPANY, LLC TO WILMINGTON SAVINGS FUND SOCIETY, FSB, D\B\A CHRISTIANA TRUST, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2017-1, ITS SUCCESSOR ASSIGNS. DATED 11/7/2017 AND RECORDED ON 3/14/2018 AS CRFN NO. 2018000087979.

Executed this 12|20|2018

NORMANDY MORTGAGE ACQUISITION COMPANY, LLC

By:      CELESTE HARKINS
Title:   AUTHORIZED SIGNATORY

STATE OF _Texas_

COUNTY OF _Dallas_

Before me, the undersigned officer, on this day, personally appeared ___CELESTE HARKINS___ the AUTHORIZED SIGNATORY of NORMANDY MORTGAGE ACQUISITION COMPANY, LLC, ITS SUCCESSORS AND ASSIGNS, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal this _12/20/18_.

ALISON BRYANT
Notary Public, State of Texas
Comm. Expires 04-23-2022
Notary ID 124017401

Notary Public in and for the State of _Texas_
Notary's Printed Name: ___Alison Bryant___
My Commission Expires: _4/23/22_

For $612,000.00 dated 11/1/2007

*712425*

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the Secondary Mortgage Market.

Exhibit "L"



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2019110500514001001E6BD1

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 12 |
|---|---|

| | | |
|---|---|---|
| **Document ID:** 2019110500514001 | Document Date: 08-29-2019 | Preparation Date: 11-05-2019 |
| Document Type: MORTGAGE AND CONSOLIDATION | | |
| Document Page Count: 11 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| SERVICELINK - LOAN MODIFICATION<br>3220 EL CAMINO REAL<br>IRVINE, CA 92602 | SERVICELINK - LOAN MODIFICATION<br>3220 EL CAMINO REAL<br>IRVINE, CA 92602 |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1661 | 72 | Entire Lot | 545 HALSEY STREET |
| Property Type: DWELLING ONLY - 2 FAMILY | | | | |

**CROSS REFERENCE DATA**

CRFN:    2007000619476

**PARTIES**

| MORTGAGOR: | MORTGAGEE: |
|---|---|
| VAN WALKER<br>545 HALSEY ST<br>BROOKLYN, NY 11233 | SELENE FINANCE LP<br>9990 RICHMOND AVE, STE 400 S<br>HOUSTON, TX 77042 |

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 1,011,000.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 399,922.33 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 1,999.50 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 3,999.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 999.75 | | | |
| MTA: | $ | 1,169.70 | | RECORDED OR FILED IN THE OFFICE | |
| NYCTA: | $ | 0.00 | | OF THE CITY REGISTER OF THE | |
| Additional MRT: | $ | 0.00 | | CITY OF NEW YORK | |
| TOTAL: | $ | 8,167.95 | Recorded/Filed      11-07-2019 09:57 | | |
| Recording Fee: | $ | 92.00 | City Register File No.(CRFN): | | |
| Affidavit Fee: | $ | 0.00 | 2019000362357 | | |

City Register Official Signature

After Recording Please Mail To:
ServiceLink
Attn: Loan Modification Solutions
3220 El Camino Real
Irvine, CA 92602

Section/Block/Lot 1661-72

**"The Premises is or will be improved with a one or two family house or dwelling"**

―――――――――――――*[Space Above This Line For Recording Data]*―――――――――――――

Original Principal Amount $612,000.00     Investor Loan No: 7000062513
Unpaid Principal Amount $611,077.67       Loan No: 10091353
New Principal Amount $1,011,000.00
Total Cap Amount $399,922.33              19408

*191118418 Sel*

# LOAN MODIFICATION AGREEMENT
# (Providing for Fixed Interest Rate)

     This Loan Modification Agreement ("Agreement"), made this 29th day of August, 2019, between VAN WALKER ("Borrower") whose address is 545 HALSEY ST, BROOKLYN, NY 11233 and SELENE FINANCE LP, as attorney in fact for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee, of Aero Mortgage Loan Trust 2017-1 ("Lender") whose address is 9990 RICHMOND AVE, STE 400 S, HOUSTON, TX 77042, amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated November 1, 2007, in the amount of $612,000.00 and recorded on December 19, 2007 in Book, Volume, or Liber No.                    , at Page
(or as Instrument No. 2007000619476) , of the Official (Name of Records) Records of KINGS, NEW YORK (County and State, or other jurisdiction) and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

        **545 HALSEY ST, BROOKLYN, NY 11233**
        (Property Address)

the real property described being set forth as follows:
**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF;**

**CHAIN OF TITLE: SEE EXHIBIT "B" ATTACHED HERETO AND MADE A PART HEREOF:**

     In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

―――――――――――――――――――――――――――――――――――――――――――――――

Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument        Form 3179 1/01 (rev. 4/14)
The Compliance Source, Inc.        Page 1 of 7        23703NY 10/01 Rev. 03/17
                      ©2001-2017, The Compliance Source, Inc.



\* 1 0 0 9 1 3 5 3 \*

_____ (Seal)          _____ (Seal)
**VAN WALKER**        -Borrower           -Borrower

_____ (Seal)          _____ (Seal)
                -Borrower                       -Borrower


## ACKNOWLEDGMENT

State of *New York* §
§
County of *Queens* §

On the _19th_ day of _September_ in the year _2019_ before me,
_Loretta V. Guy_, the undersigned, a Notary Public in and for said State, personally
appeared **VAN WALKER** personally known to me (or proved to me on the basis of satisfactory evidence) to be the
individual(s) whose name is(are) subscribed to the within instrument and acknowledged to me that he/she executed
the same in his/her capacity(ies) and that by his/her signature(s) on the instrument, the individual(s), or the person
upon behalf of which the individual(s) acted, executed the instrument.

_____
Signature of Individual Taking Acknowledgment

_Loretta V. Guy_
Printed Name

_204-04 Hillside Ave Hollis NY 11423_
Office of Individual Taking Acknowledgment

(Seal)                    My Commission Expires: _10-23-2022_

Loretta V. Guy
Notary Public, State of New York
No. 01GU6154942
Qualified in Queens County
Commission Expires Oct. 23, 20 22



\* 1 0 0 9 1 3 5 3 \*

ACCEPTED AND AGREED TO BY THE OWNER AND HOLDER OF SAID NOTE

**SELENE FINANCE LP, as attorney in fact for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee, of Aero Mortgage Loan Trust 2017-1**

By: _____ -Lender
     Tonya Higginbotham
     **Assistant Vice President**

Date of Lender's Signature  9/24/19

POA Recorded 10-10-2019
CRFN: 2019000329883
Kings County, New York

## ACKNOWLEDGMENT

State of _____**Florida**_____     §
                            §
County of ____**Duval**____     §

On this __2**4**th__ day of __**Sept**__ in the year __2019__, before me, the undersigned, a Notary Public in and for said State, personally appeared _____**Tonya Higginbotham**_____ the __**Assistant Vice President**__, personally known to me (or proved to me on the basis of satisfactory evidence) to be the individual(s) whose name is(are) subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity(ies) and that by his/her signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

___**Jacksonville**___ in ___**Florida** Duval___
(insert the city or other political subdivision)    (and insert the State and County or other place the acknowledgment was taken)

_____
Signature of Individual Taking Acknowledgment

     **Willette Ricks**
Printed Name
     **Notary**

Office of Individual Taking Acknowledgment

WILLETTE RICKS
Notary Public - State of Florida
Commission # GG 085992
My Comm. Expires Mar 22, 2021
Bonded through National Notary Assn.

(Seal)

My Commission Expires: 3/22/2021



*1 0 0 9 1 3 5 3 *

# Exhibit "M"

## NYC DEPARTMENT OF FINANCE
### OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2020060500342001001E8A2E

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 6 |
|---|---|

**Document ID:** 2020060500342001    **Document Date:** 04-23-2020    **Preparation Date:** 06-05-2020
**Document Type:** ASSIGNMENT, MORTGAGE
**Document Page Count:** 4

| PRESENTER: | RETURN TO: |
|---|---|
| MERIDIAN ASSET SERVICES<br>3201 34TH STREET SOUTH<br>SUITE 310<br>SAINT PETERSBURG, FL 33711<br>SUPPORT@SIMPLIFILE.COM | MERIDIAN ASSET SERVICES LLC<br>3201 34TH STREET SOUTH SUITE 310<br>ST. PETERSBURG, FL 33711<br>SUPPORT@SIMPLIFILE.COM |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1661 | 72 | Entire Lot | 545 HALSEY STREET |

**Property Type:** DWELLING ONLY - 1 FAMILY

### CROSS REFERENCE DATA

CRFN: 2007000619476

### PARTIES

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY FSB<br>6001 BOLD RULER WAY SUITE 110<br>AUSTIN, TX 78746 | WILMINGTON SAVINGS FUND SOCIETY FSB<br>500 DELAWARE AVENUE 11TH FLOOR<br>WILMINGTON, DE 19801 |

☒ Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | RECORDED OR FILED IN THE OFFICE | |
| MTA: | $ | 0.00 | OF THE CITY REGISTER OF THE | |
| NYCTA: | $ | 0.00 | CITY OF NEW YORK | |
| Additional MRT: | $ | 0.00 | Recorded/Filed     06-05-2020 12:41 | |
| TOTAL: | $ | 0.00 | City Register File No.(CRFN): | |
| Recording Fee: | $ | 57.00 | 2020000164841 | |
| Affidavit Fee: | $ | 0.00 | | |

*City Register Official Signature*



**2020060500342001001C88AE**

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER | |
|---|---|

**RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)**      **PAGE 2 OF 6**

**Document ID: 2020060500342001**      Document Date: 04-23-2020      Preparation Date: 06-05-2020
Document Type: ASSIGNMENT, MORTGAGE

---

**PARTIES**

**ASSIGNOR/OLD LENDER:**
AERO MORTGAGE LOAN TRUST 2017 1
6001 BOLD RULER WAY SUITE 110
AUSTIN, TX 78746

---

**PARTIES**

**ASSIGNEE/NEW LENDER:**
CHRISTIANA TRUST
500 DELAWARE AVENUE 11TH FLOOR
WILMINGTON, DE 19801

**ASSIGNEE/NEW LENDER:**
NNPL TRUST SERIES 2012-1
500 DELAWARE AVENUE 11TH FLOOR
WILMINGTON, DE 19801

Prepared by, Recording Requested By and Return to:

Charles A. Brown & Associates, P.L.L.C.
Charles A. Brown, Attorney at Law
2316 Southmore
Pasadena, TX 77502
713-941-4928

Charles A. Brown & Associates, P.L.L.C. d/b/a DocSolution, Inc. did not prepare a title search of the property encumbered by the security instrument described below. The preparer of this document makes no representation as to the status of the title, loan history, property use or zoning regulations concerning described property herein assigned, transferred or conveyed nor any matter except the validity of the form of this instrument. Information herein was provided to preparer by Grantor/Grantee and/or their agent. No boundary survey was made at the time of this assignment, transfer or conveyance.

Client Id: Pal/AOL
Loan #: ▮▮▮▮▮▮▮▮▮▮



# ASSIGNMENT OF MORTGAGE

**FOR VALUE RECEIVED, WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE, ON BEHALF OF AERO MORTGAGE LOAN TRUST 2017-1, ITS SUCCESSORS AND ASSIGNS,** whose address is c/o The Palisades Group LLC, 6001 Bold Ruler Way, Suite 110, Austin, TX 78746 does hereby assign and transfer to **WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS CERTIFICATE TRUSTEE FOR NNPL TRUST SERIES 2012-1, ITS SUCCESSORS AND ASSIGNS,** forever and without recourse, whose address is c/o Christiana Trust, a division of Wilmington Savings Fund Society, FSB, 500 Delaware Avenue, 11th Floor, Wilmington, DE 19801 all its right, title and interest in and to the described Mortgage executed by VAN WALKER to JPMORGAN CHASE BANK, N.A. for $612,000.00 dated 11/1/2007 of record on 12/19/2007 at Document Number 2007000619476, in the KINGS County Clerk's Office, State of NEW YORK.

Property Address: 545 HALSEY ST, BROOKLYN, NEW YORK 11233
S/B/L: BLOCK: 1661 LOT: 72
ASSIGNMENT CHAIN: SEE ATTACHED EXHIBIT "A"

Executed this _April 23, 2020_

WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE, ON BEHALF OF AERO MORTGAGE LOAN TRUST 2017-1 BY AND THROUGH ITS ATTORNEY IN FACT, PALISADES INVESTMENT PARTNERS II, LLC

By: _Matthew Mustich_
Title:   AUTHORIZED SIGNATORY

BATCH#11795, POA WAS RECORDED IN NEW YORK CITY, NY, ON 3/18/2020, INST#2020000099454

STATE OF TEXAS

COUNTY OF ___Travis___

Before me, the undersigned officer, on this day, personally appeared Matthew Mustich the AUTHORIZED SIGNATORY of Palisades Investment Partners II, LLC as attorney in fact for WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE, ON BEHALF OF AERO MORTGAGE LOAN TRUST 2017-1, ITS SUCCESSORS AND ASSIGNS, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal this ___4/23/2020___

_____
Notary Public in and for the State of TEXAS
Notary's Printed Name: ___Ben Jordan___
My Commission Expires: ___9/21/21___

For $612,000.00 dated 11/1/2007



```
BEN JORDAN
Notary Public, State of Texas
Comm. Expires 09-21-2021
Notary ID 12805450-3
```

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the Secondary Mortgage Market.

EXHIBIT "A"

Assignment Chain

Mortgage
Lender:                JPMORGAN CHASE BANK, N.A.
Borrower:              VAN WALKER
Origination Balance:   $612,000.00
Origination Date:      11/01/2007
Recording Date:        12/19/2007
Mortgage Recording    Book: N/A; Page: N/A; Instrument: 2007000619476
Details:

Assigned From:    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
To:               CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY,
                  FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-18
AOM Recorded:     01/27/2014
AOM Recording     Book: N/A; Page: N/A; DocumentNo: 2014000032335
Details:

Assigned From:    CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY,
                  FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-18
To:               SERIES 1 OF NORMANDY MORTGAGE DEPOSITOR COMPANY, LLC
AOM Recorded:     03/14/2018
AOM Recording     Book: N/A; Page: N/A; DocumentNo: 2018000087978
Details:

Assigned From:    SERIES 1 OF NORMANDY MORTGAGE DEPOSITOR COMPANY, LLC
To:               WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, AS
                  TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2017-1
AOM Recorded:     03/14/2018
AOM Recording     Book: N/A; Page: N/A; DocumentNo: 2018000087979
Details:

Assigned From:    WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT
                  IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR
                  NORMANDY MORTGAGE LOAN TRUST, SERIES 2017-1
To:               NORMANDY MORTGAGE ACQUISITION COMPANY, LLC
AOM Recorded:     02/12/2019
AOM Recording     Book: N/A; Page: N/A; DocumentNo: 2019000049541
Details:

Assigned From:    NORMANDY MORTGAGE ACQUISITION COMPANY, LLC
To:               WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL
                  CAPACITY BUT SOLELY AS TRUSTEE, ON BEHALF OF AERO MORTGAGE LOAN
                  TRUST 2017-1

AOM Recorded:        02/12/2019

AOM Recording        Book: N/A; Page: N/A; DocumentNo: 2019000049542
Details:

MODIFICATION
DATE: 08/29/2019
RECORDING DATE: 11/07/2019
INSTR#: 2019000362357
NEW MONEY AMOUNT: $399,922.33
BALANCE: $1,011,000.00

Exhibit "N"

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2020031601152001001E2D46

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 6 |
|---|---|---|
| Document ID: **2020031601152001** | Document Date: 09-17-2018 | Preparation Date: 03-16-2020 |
| Document Type: POWER OF ATTORNEY | | |
| Document Page Count: 5 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| MERIDIAN ASSET SERVICES<br>3201 34TH STREET SOUTH<br>SUITE 310<br>SAINT PETERSBURG, FL 33711<br>SUPPORT@SIMPLIFILE.COM | MERIDIAN ASSET SERVICES, LLC<br>3201 34TH STREET SOUTH SUITE 310<br>ST. PETERSBURG, FL 33711<br>SUPPORT@SIMPLIFILE.COM |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 8665 | 1118 Entire Lot | | 2964 BRIGHTON 6 STREET |
| Property Type: DWELLING ONLY - 1 FAMILY | | | | |
| Borough | Block | Lot | Unit | Address |
| BROOKLYN | 8665 | 1113 Entire Lot | | 2964 BRIGHTON 6 STREET |
| Property Type: DWELLING ONLY - 1 FAMILY | | | | |

### CROSS REFERENCE DATA

CRFN_____ or DocumentID_____ or _____ Year____ Reel____ Page____ or File Number_____

### PARTIES

| PARTY ONE: | PARTY TWO: |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB<br>11755 WILSHIRE BLVD SUITE 1700<br>LOS ANGELES, CA 90025 | PALISADES INVESTMENT PARTNERS II, LLC<br>11755 WILSHIRE BLVD SUITE 1700<br>LOS ANGELES, CA 90025 |

### FEES AND TAXES

| Mortgage : | | | | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | Filing Fee: | |
| Taxable Mortgage Amount: | $ | 0.00 | | $ 0.00 |
| Exemption: | | | NYC Real Property Transfer Tax: | |
| TAXES: County (Basic): | $ | 0.00 | | $ 0.00 |
| City (Additional): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| Spec (Additional): | $ | 0.00 | | $ 0.00 |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 65.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**
Recorded/Filed        03-18-2020 16:40
City Register File No.(CRFN):
**2020000099454**

*City Register Official Signature*

CFN # 2019055995, OR BK: 4243  PG: 113,  Pages1 / 5,  Recorded 10/21/2019 7:16 AM, Doc: PA
TARA S. GREEN Clerk Circuit Court, Clay County, FL Rec: $44.00
Deputy Clerk: THACKERD

## POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee of Aero Mortgage Loan Trust 2017-1, as Transferor (the "*Transferor*") pursuant to that certain Trust Agreement, dated as of December 11, 2017, (as it may be amended from time to time, the "*Agreement*") by and among Transferor, Aero Credit Opportunities Fund I, LP, and Palisades Investment Partners II, LLC, on its own behalf, as Transferee (the "*Transferee*"), hereby constitutes and appoints Transferee, the Transferor's true and lawful Attorney-in-Fact, in the Transferor's name, place and stead and for the Transferor's benefit, in connection with all (i) real-estate owned property (singularly referred to herein as "*REO Property*" and collectively referred to herein as "*REO Properties*") and (ii) mortgage loans (the "*Loans*" and together with the REO Properties, the "*Assets*"), in each case sold, transferred, conveyed, and assigned by Transferor to Transferee pursuant to the Agreement solely for the purpose of performing such acts and executing such documents in the name of the Transferor necessary and appropriate to effectuate such sale, transfer, conveyance, and assignment and delivery of such Assets, including but not limited to the following enumerated transactions in respect of any of the mortgages or deeds of trust (singularly referred to herein as the "*Mortgage*" and the "*Deed of Trust*" and collectively referred to herein as the "*Mortgages*" and the "*Deeds of Trust*," respectively), and promissory notes secured thereby (singularly referred to herein as the "*Mortgage Note*" and collectively referred to herein as the "*Mortgage Notes*") deeds and any other loan documents executed in connection with the making and servicing of the related Assets (singularly referred to herein as the "*Other Loan Document*" and collectively referred to herein as the "*Other Loan Documents*," for which the undersigned is acting as Transferor (whether the undersigned is named therein as owner, mortgagee or beneficiary or has become mortgagee by virtue of endorsement of the Mortgage Note secured by any Mortgage or Deed of Trust).

1. This appointment of the Attorney-in-Fact (this "*Appointment*") shall include the following enumerated transactions and nothing herein or in the Agreement shall be construed to the contrary:

    a.  The modification or re-recording of a Mortgage or Deed of Trust, where said modification or re-recording is solely for the purpose of correcting the Mortgage or Deed of Trust to conform same to the original intent of the parties thereto or to correct title errors discovered after such title insurance was issued.

    b.  The execution of loan modification agreements or forbearance agreements related to any Mortgage or Deed of Trust, Mortgage Note, or any other documents related to the Loans.

    c.  The subordination of the lien of a Mortgage or Deed of Trust to an easement in favor of a public utility company of a government agency or unit with powers of eminent domain. This Section c shall include, without limitation, the execution of partial satisfactions/releases, partial reconveyances or the execution or requests to trustees to accomplish same.

    d.  The conveyance of the properties to the mortgage insurer, or the closing of the title to the property to be acquired as REO Property, or conveyance of title to REO Property.

    e.  The completion of loan assumption agreements.

    f.  The full satisfaction/release of a Mortgage or Deed of Trust or full conveyance upon payment and discharge of all sums secured thereby, including, without limitation, cancellation of the related Mortgage Note.

*Wilmington Savings Funding Society, FSB not in its individual capacity but solely as Trustee of Aero Mortgage Loan Trust 2017-1, c/o The Palisades Group LLC, 11755 Wilshire Blvd, Suite 1700, Los Angeles, CA 90025

**Aero Credit Opportunities Fund I, LP, c/o The Palisades Group LLC, 11755 Wilshire Blvd, Suite 1700, Los Angeles, CA 90025

***Palisades Investment Partners II, LLC, c/o The Palisades Group LLC, 11755 Wilshire Blvd, Suite 1700, Los Angeles, CA 90025

# Exhibit "O"



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City
Register will rely on the information provided
by you on this page for purposes of indexing
this instrument. The information on this page
will control for indexing purposes in the event
of any conflict with the rest of the document.

2021052800231001001E741B

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 6 |
|---|---|

**Document ID:** 2021052800231001     Document Date: 05-11-2021     Preparation Date: 05-28-2021
**Document Type:** ASSIGNMENT, MORTGAGE
**Document Page Count:** 4

| PRESENTER: | RETURN TO: |
|---|---|
| MERIDIAN ASSET SERVICES<br>3201 34TH STREET SOUTH<br>SUITE 310<br>SAINT PETERSBURG, FL 33711<br>SUPPORT@SIMPLIFILE.COM | MERIDIAN ASSET SERVICES LLC<br>3201 34TH STREET S SUITE B310<br>ST PETERSBURG, FL 33711<br>SUPPORT@SIMPLIFILE.COM |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1661 | 72 | Entire Lot | 545 HALSEY STREET |

**Property Type:** DWELLING ONLY - 1 FAMILY

**CROSS REFERENCE DATA**

**CRFN:**   2007000619476

**PARTIES**

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY FSB<br>500 DELAWARE AVE, 11TH FLOOR<br>WILMINGTON, DE 19801 | US BANK TRUST NATIONAL ASSOCIATION<br>9990 RICHMOND AVE, SUITE 400 SOUTH<br>HOUSTON, TX 77042 |

☒  Additional  Parties Listed on Continuation Page

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES:   County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | |
| MTA: | $ | 0.00 | |
| NYCTA: | $ | 0.00 | |
| Additional MRT: | $ | 0.00 | |
| TOTAL: | $ | 0.00 | |
| Recording Fee: | $ | 57.00 | |
| Affidavit Fee: | $ | 0.00 | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**

Recorded/Filed     06-04-2021 14:49
City Register File No.(CRFN):
**2021000208765**

*Qnnette M Hill*

*City Register Official Signature*

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER |  |
|---|---|

<div align="center">2021052800231001001C769B</div>

| RECORDING AND ENDORSEMENT COVER PAGE  (CONTINUATION) | | PAGE 2 OF 6 |
|---|---|---|
| Document ID: 2021052800231001 | Document Date: 05-11-2021 | Preparation Date: 05-28-2021 |
| Document Type: ASSIGNMENT, MORTGAGE | | |

## PARTIES

**ASSIGNOR/OLD LENDER:**
CHRISTIANA TRUST
500 DELAWARE AVE, 11TH FLOOR
WILMINGTON, DE 19801

**ASSIGNOR/OLD LENDER:**
NNPL TRUST SERIES 2012-1
500 DELAWARE AVE, 11TH FLOOR
WILMINGTON, DE 19801

## PARTIES

**ASSIGNEE/NEW LENDER:**
RCF 2 ACQUISITION TRUST
9990 RICHMOND AVE, SUITE 400 SOUTH
HOUSTON, TX 77042

Prepared By and Return To:

Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

Space above for Recorder's use

Section: N/A Lot: 72 Block: 1661
Loan No: 3295212



14261039

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS CERTIFICATE TRUSTEE FOR NNPL TRUST SERIES 2012-1**, whose address is **500 DELAWARE AVENUE, 11TH FLOOR, WILMINGTON, DE 19801**, (ASSIGNOR), does hereby grant, assign and transfer to **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST**, whose address is **C/O SELENE FINANCE LP, 9990 RICHMOND AVE., SUITE 400 SOUTH, HOUSTON, TX 77042**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: 11/1/2007
Original Loan Amount: $612,000.00
Executed by (Borrower(s)): VAN WALKER
Original Lender: JPMORGAN CHASE BANK, N.A.
Filed of Record: In Book/Liber/Volume N/A, Page N/A
Document/Instrument No: 2007000619476 in the Recording District of Kings New York City, NY, Recorded on 12/19/2007.

Chain Exhibit: SEE EXHIBIT "A" ATTACHED
Property more commonly described as: 545 HALSEY ST, BROOKLYN, NEW YORK 11233

*This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.*

3295212 Palisades Nov19 14261039

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: 5/11/2021

WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS CERTIFICATE TRUSTEE FOR NNPL TRUST SERIES 2012-1, BY MERIDIAN ASSET SERVICES, LLC, ITS ATTORNEY-IN-FACT

By: LISA V. HARRIS
Title: VICE PRESIDENT

Witness Name: JAMES JACKSON

POA BATCH #11888
POA WAS RECORDED NEW YORK COUNTY, NY
ON 10/16/2020  /INST: 2020000286105

---

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

---

State of       FLORIDA
County of     PINELLAS

On 5/11/2021, before me, WANDA M. HIATT, a Notary Public, personally appeared LISA V. HARRIS, VICE PRESIDENT of/for MERIDIAN ASSET SERVICES, LLC, AS ATTORNEY-IN-FACT FOR WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS CERTIFICATE TRUSTEE FOR NNPL TRUST SERIES 2012-1, personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of FLORIDA that the foregoing paragraph is true and correct. I further certify the foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization and that LISA V. HARRIS, signed, sealed, attested and delivered this document as a voluntary act in my presence in the County of PINELLAS, State of FLORIDA.

Witness my hand and official seal.

(Notary Name): WANDA M. HIATT
My commission expires: 11/8/2024

WANDA M. HIATT
NOTARY PUBLIC · STATE OF FLORIDA
COMMISSION # HH54376
My Commission Expires NOVEMBER 8, 2024

3295212 Palisades Nov19 14261039

### EXHIBIT "A"
#### Assignment Chain

| | |
|---|---|
| Lender: | JPMORGAN CHASE BANK, N.A. |
| Borrower: | VAN WALKER |
| Origination Balance: | $612,000.00 |
| Origination Date: | 11/1/2007 |
| Mortgage Recording Details: | Recorded: 12/19/2007; Book: N/A; Page: N/A; Instrument: 2007000619476 |

| | |
|---|---|
| Assigned From: | JPMORGAN CHASE BANK, NATIONAL ASSOCIATION |
| To: | CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-18 |
| AOM Recording Details: | Recorded 01/27/2014; Book: N/A; Page: N/A; Instrument: 2014000032335 |

| | |
|---|---|
| Assigned From: | CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-18 |
| To: | SERIES 1 OF NORMANDY MORTGAGE DEPOSITOR COMPANY, LLC |
| AOM Recording Details: | Recorded 03/14/2018; Book: N/A; Page: N/A; Instrument: 2018000087978 |

| | |
|---|---|
| Assigned From: | SERIES 1 OF NORMANDY MORTGAGE DEPOSITOR COMPANY, LLC |
| To: | WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2017-1 |
| AOM Recording Details: | Recorded 03/14/2018; Book: N/A; Page: N/A; Instrument: 2018000087979 |

| | |
|---|---|
| Assigned From: | WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2017-1 |
| To: | NORMANDY MORTGAGE ACQUISITION COMPANY, LLC |
| AOM Recording Details: | Recorded 02/12/2019; Book: N/A; Page: N/A; Instrument: 2019000049541 |

| | |
|---|---|
| Assigned From: | NORMANDY MORTGAGE ACQUISITION COMPANY, LLC |
| To: | WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE, ON BEHALF OF AERO MORTGAGE LOAN TRUST 2017-1 |
| AOM Recording Details: | Recorded 02/12/2019; Book: N/A; Page: N/A; Instrument: 2019000049542 |

MODIFICATION
BORROWER: VAN WALKER

LENDER: SELENE FINANCE LP, AS ATTORNEY IN FACT FOR
WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS TRUSTEE, OF AERO MORTGAGE LOAN
TRUST 2017-1
DATE: 08/29/2019
RECORDING DATE: 11/07/2019
INSTR#: 2019000362357
NEW MONEY AMOUNT: $399,922.33
BALANCE: $1,011,000.00

**Assigned From:**      WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS TRUSTEE, ON BEHALF OF AERO MORTGAGE
LOAN TRUST 2017-1

**To:**      WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST,
NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS
CERTIFICATE TRUSTEE FOR NNPL TRUST SERIES 2012-1

**AOM Recording Details:**      Recorded 06/05/2020; Book: N/A; Page: N/A; Instrument: 2020000164841

Exhibit "P"

## NYC DEPARTMENT OF FINANCE
## OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2020100900622001001E6443

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 6 |
|---|---|---|

| Document ID: 2020100900622001 | Document Date: 05-13-2020 | Preparation Date: 10-09-2020 |
|---|---|---|

Document Type: POWER OF ATTORNEY
Document Page Count: 4

| PRESENTER: | RETURN TO: |
|---|---|
| MERIDIAN ASSET SERVICES<br>3201 34TH STREET SOUTH<br>SUITE 310<br>SAINT PETERSBURG, FL 33711<br>SUPPORT@SIMPLIFILE.COM | MERIDIAN ASSET SERVICES LLC<br>3201 34TH STREET SOUTH, SUITE B310<br>ST. PETERSBURG, FL 33711<br>SUPPORT@SIMPLIFILE.COM |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|

Property Type:

### CROSS REFERENCE DATA

CRFN_____  or  DocumentID_____  or  _____ Year____ Reel___ Page____  or  File Number_____

### PARTIES

| PARTY ONE: | PARTY TWO: |
|---|---|
| NNPL TRUST SERIES 2012-1<br>500 DELAWARE AVENUE, 11TH FLOOR<br>WILMINGTON, DE 19801 | MERIDIAN ASSET SERVICES LLC<br>3201 34TH STREET SOUTH, SUITE B310<br>ST. PETERSBURG, FL 33711 |

☒ Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES:  County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 57.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed        10-16-2020 17:47
City Register File No.(CRFN):
2020000286105

*City Register Official Signature*



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

2020100900622001001C66C3

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | PAGE 2 OF 6 |
|---|---|

Document ID: **2020100900622001**    Document Date: 05-13-2020    Preparation Date: 10-09-2020
Document Type: POWER OF ATTORNEY

**PARTIES**

**PARTY ONE:**
WILMINGTON SAVINGS FUND SOCIETY FSB
500 DELAWARE AVENUE, 11TH FLOOR
WILMINGTON, DE 19801

**PARTY ONE:**
CHRISTIANA TRUST
500 DELAWARE AVENUE, 11TH FLOOR
WILMINGTON, DE 19801

Prepared By:
Daniel Lee
NNPL Trust Series 2012-1
500 DELAWARE AVENUE, 11TH FLOOR
WILMINGTON, DE 19801

## LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that Wilmington Savings Fund Society, FSB d/b/a Christiana Trust ("Trustee"), not in its individual capacity but solely in its capacity as Certificate Trustee for NNPL Trust Series 2012-1 (the "Trust"), having an office at 500 Delaware Avenue, 11th Floor, Wilmington, Delaware 19801, in connection with the Vendor Services Agreement, dated as of May 30, 2017 (as amended, restated, supplemented or otherwise modified from time to time, the "Agreement"), between an affiliate of the Trust and Meridian Asset Services, LLC, having an office at 3201 34th Street South Suite 310, Saint Petersburg, FL 33711 ("Meridian"), hereby constitutes and appoints Meridian, by and through Meridian's respective officers, the Trust's true and lawful Attorney-in-Fact (the "Attorney-in-Fact"), in the Trust's name, place and stead and for the Trust's benefit, in connection with all mortgage loans subject to the terms of the Agreement (the "Mortgage Loans") solely for the purposes set forth below. The Attorney-in-Fact is hereby authorized and empowered, as follows:

1. To execute and deliver any documentation with respect to mortgage/trust deed assignments including but not limited to the execution of assignments to correct errors or to perfect the chain of assignment.

2. To execute and deliver documentation with respect to mortgage note endorsements and/or allonges.

3. To execute and/or deliver documents of correction including but not limited to affidavits and/or quit claim deeds.

4. To correct typographical and/or clerical ambiguities and errors in documents necessary to effect or undertake any of the items or powers set forth in items (1) to (3) above.

The undersigned gives the Attorney-in-Fact full power and authority to execute such instruments and to do and perform all and every act and thing necessary and proper to carry into effect the power or powers granted by or under this Limited Power of Attorney, each subject to the terms and conditions set forth in the Agreement as fully as the undersigned might or could do, and hereby does ratify and confirm to all that the Attorney-in-Fact shall lawfully do or cause to be done by authority hereof. This Limited Power of Attorney shall be effective as of the date written below, and expire on May 10, 2022, unless earlier revoked by written instrument. The Trust has the unrestricted right to unilaterally revoke this Limited Power of Attorney.

This Limited Power of Attorney is not transferable.

# United States Bankruptcy Court
# Eastern District of New York

Drop box filer form (to be filled out and added to envelope):

Filer's Full Name: VAN DOUG WALKER

Address: 545 HALSEY St    BRooklyN N.Y 11233

Phone Number: 347-517-5822

Email Address: V Doug, WALKER @ Gmail .com

If required, Related Case Number: 17-44665 ESS

Debtor(s) names: VAN DowGlas WAlKER



RECEIVED/DB

2022 JAN 24 P 4:39